## In re ANKENY.

(District Court, N. D. Iowa, Cedar Rapids Division. January 2, 1900.)

1. BANKRUPTCY—PROOF OF DEBTS—MOTION TO EXPUNGE.

Where no trustee has been appointed for the estate of a bankrupt, a motion for the re-examination and expunction of a claim proved and allowed against his estate may be made by the bankrupt himself.

2. SAME—DUTY OF BANKRUPT.

Though Bankr. Act 1898, § 7, cl. 7, makes it the duty of a bankrupt, in case any person, to his knowledge, has proved a false claim against his estate, to "disclose that fact immediately to his trustee," yet the fact that no trustee has been appointed will not relieve the bankrupt from the duty, nor deprive him of the right, of objecting to the allowance of any false or unjust claim against his estate, or of moving for its expunction.

3. SAME—PETITION FOR RECONSIDERATION OF CLAIM—SUFFICIENCY.

Where a petition for the reconsideration and disallowance of a claim proved against the estate of a bankrupt does not aver the essential facts with sufficient particularity, the proper method of objecting to it is by a motion for a more specific statement, not by motion to strike out parts of the petition.

4. SAME.

Where a petition for the reconsideration and disallowance of a claim proved against the bankrupt's estate alleged that the original obligation, on which the bankrupt was secondarily liable, had been repeatedly renewed and extended by the creditor, without the bankrupt's knowledge or consent, and new notes taken on account of the indebtedness, *held* sufficient to let in proof of the extension, without a specific averment that the new notes were taken in satisfaction or lieu of the original note or that there was a consideration for the contract of renewal.

In Bankruptcy. On petition for review of the rulings made by the referee upon, motion to strike out parts of petition filed by bankrupt asking the reconsideration and disallowance of a claim filed by the Clinton National Bank against the estate of the bankrupt.

W. J. McCoy, for Clinton Nat. Bank.
Hayes & Schuyler, for bankrupt.

SHIRAS, District Judge. I concur in the ruling of the referee that the bankrupt may move to set aside and expunge the allowance of an alleged claim. In the absence of any enactment in the statute, it might well be held that it was the duty of the bankrupt to object to the allowance of unjust or fictitious claims against his estate, which, if allowed, would decrease the dividend coming to the creditors. The theory of the act is that the bankrupt entitles himself to a discharge by yielding up his nonexempt property to be divided among his creditors, but a bankrupt would not be acting in good faith, nor would he be carrying out the true spirit of the act, if he knowingly permitted false or unjust claims to be allowed, to the injury of his actual credit-

ers. By clause 7 of section 7 of the act, it is declared to be the duty of the bankrupt, in case any person proves a false claim against his estate, to disclose the fact immediately to his trustee. In the present case no trustee has been appointed. This fact precludes giving notice to the trustee, but it does not justify the allowance of the false claim, nor prevent the bankrupt from objecting to the proof thereof. Furthermore, if a false claim is proved up against the estate, it gives the holder thereof a standing in court to object to the granting a discharge, and in this view the bankrupt has a vital interest in preventing the allowance of unjust claims, and should be heard to object to the allowance thereof. The ruling of the referee on this question is therefore affirmed.

The ruling of the referee upon the motion to strike out parts of the motion to reconsider the allowance of the claim of the bank is also affirmed. The petition avers that the bank had repeatedly renewed and extended the obligation of W. B. Leffingwell without the knowledge or consent of said Ankeny, and had taken new notes from Leffingwell on account of said indebtedness. To these averments it is objected that it is not averred that the new notes were taken in satisfaction or in lieu of the original note in question, and that it is not averred that there was a consideration given for the contract of renewal. If the bank deemed these averments, now sought to be stricken out, to be lacking in particularity, a motion for a more specific statement would have been the proper method of presenting the question. It is averred that the obligation was repeatedly renewed and extended, and that new notes were given on account of the indebtedness. The ultimate fact is herein stated, to wit, that the obligation was renewed and extended without the knowledge of the bankrupt, and this is a sufficient averment to let in the proof showing an extension.

If upon the evidence adduced it did not appear that there had been a valid contract of renewal and extension, then the averment of a renewal would not be established, but the issue of a renewal and extension is tendered, and cannot be stricken out on the ground of immateriality. Without further comment, the several rulings excepted to are affirmed.