In re WITHERBEE.

In re UNITED WIRELESS TELEGRAPH CO.

(Circuit Court of Appeals, First Circuit. March 4, 1913.)

No. 1,008.

1. BANKRUPTCY (§ 444*)—PROCEEDINGS—REVIEW—PETITION.
A petition to revise authorized by Bankr. Act July 1, 1898. c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), failing to allege that the error complained of was "in matter of law" or to assign any specific errors of law, is insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. § 444.*]

2. BANKRUPTCY (§ 439*)—PETITION TO REVISE—DISPUTED QUESTIONS OF FACT.
Disputed questions of fact cannot be reviewed on a petition to revise authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*]

3. BANKRUPTCY (§ 439*)—REVIEW—PETITION TO REVISE—SCOPE OF REVIEW—DIRECTIONS TO TRUSTEES.
Under a petition to revise authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), the Court of Appeals is limited to a review in matter of law of questions of law arising out of the facts found or conceded, and hence in such a proceeding could not make further orders requiring the trustees in bankruptcy to do particular things.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

4. BANKRUPTCY (§ 269*)—CORPORATIONS—RIGHTS OF STOCKHOLDERS.
A stockholder of a bankrupt corporation has no standing for that reason in a bankruptcy case, nor right to require the trustees to answer his petition to set aside a sale to a reorganization committee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 370; Dec. Dig. § 269.*]

5. BANKRUPTCY (§ 261*)—CORPORATIONS—SALE OF ASSETS—NOTICE TO STOCKHOLDERS.
Since trustees in bankruptcy of a corporation held its assets for creditors or after payment of debts for the corporation itself, stockholders

were not entitled to notice of a proposed sale of its assets by the trustees to a reorganization committee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

6. BANKRUPTCY (§ 100*)—ADJUDICATION—INSOLVENCY

While a bankruptcy adjudication of a corporation remains in force, the corporation must be regarded as insolvent for all purposes of the bankruptcy administration, whatever the value of its assets or the amount of its liabilities.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141-144; Dec. Dig. § 100.*]

7. BANKRUPTCY (§ 88*)—CORPORATIONS—SURPLUS—STOCKHOLDERS.

An assumption that a corporation, the assets of which are being administered in bankruptcy, is not insolvent, and that there will be a surplus, does not make a stockholder a proper party to the bankruptcy case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98-112; Dec. Dig. § 88.*]

8. CORPORATIONS (§ 398*)—ABILITY TO ACT—BANKRUPTCY PROCEEDINGS—INCARCERATION OF OFFICERS.

No inability of a corporation to act for itself could be implied from the fact that its executive officers were in prison under conviction for using criminal methods in the sale of corporate stock to the public.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1592-1594; Dec. Dig. § 398.*]

9. BANKRUPTCY (§ 268*)—CORPORATIONS—SALE OF ASSETS—REORGANIZATION. COMMITTEE—CONTROL.

Where the trustees in bankruptcy of a corporation sold its assets to a reorganization committee, the court in a bankruptcy proceeding had no jurisdiction to control such committee or regulate the rights to be given to the stockholders of the bankrupt company on reorganization.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372-379; Dec. Dig. § 268.*]

10. BANKRUPTCY (§ 447*)—REVISION—SUBMISSION—DETERMINATION OF CAUSE —WITHDRAWAL OF PETITION TO REVISE.

A petition to revise having been argued and submitted by both parties, petitioner moved to withdraw his petition, to which the bankrupt's trustees objected, and, this·being denied, petitioner filed its consent that the petition to revise be dismissed. *Held*, that the filing of such consent did not deprive the trustees of a right to a decision on the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 930; Dec. Dig. § 447.*]

Petition to Revise Order of the District Court of the United States for the District of Maine; Clarence Hale, Judge.

In the matter of bankruptcy proceedings of the United Wireless Telegraph Company. On petition by Joseph V. Witherbee to revise an order confirming a sale of certain of the bankrupt's assets to a reorganization committee. Affirmed.

Howard H. Williams, of New York City, for petitioner.

Albert S. Woodman, Robert T. Whitehouse, and Woodman & Whitehouse, all of Portland, Me., for respondent.

Before DODGE, Circuit Judge, and ALDRICH and BROWN, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes ·

202 F.—57

DODGE, Circuit Judge. This purports to be a petition under section 24b of the Bankruptcy Act to revise an order made October 12, 1912, by the District Court in Maine, in a bankruptcy case pending before it.

[1] The order was that a petition filed in the case by this petitioner · on May 22, 1912, be denied. The present petition alleges that the District Court erred in denying the petition addressed to it, and that the petitioner is thereby aggrieved. It does not allege that the error complained of was "in matter of law," nor are any specific errors of law assigned in it. It is, to say the least, doubtful whether we are, required to consider a petition to revise which is defective in these respects. Re Taft, 133 Fed. 511, 513, 66 C. C. A. 385.

[2] The petition to revise, however, alleges that no proof was taken in the District Court and no opinion filed, and this is admitted by the answer which the trustees in bankruptcy have filed in this court. We must regard the District Court, therefore, as having denied the petition because as matter of law what it set forth did not entitle the petitioner to the relief he sought. If the denial was for failure to support the petition by proofs, there could have been no error in matter of law. So far as the petition and answer raise disputed questions of fact, they raise questions not properly before us in this proceeding. Re Stewart, 179 Fed. 222, 228, 102 C. C. A. 348. Whether the District Court erred or not, upon such facts as the petition alleges and the answer admits, is the only question we can consider or determine.

[3] The petition not only asks that the order complained of be set aside, but also asks this court to make further orders requiring the trustees in bankruptcy to do certain things. But in a proceeding under section 24b this court "is limited to a review in matter of law, and only questions of law arising out of the facts found or conceded can be determined." Re Stewart, 179 Fed. 222, 228, 102 C. C. A. 348. No further attention will be given, therefore, to the request for directions to the trustees.

It is undisputed on the record before us that the bankrupt in this case is the United Wireless Telegraph Company, a corporation; that it has been adjudged bankrupt upon an involuntary petition against it; that three trustees have been appointed and are acting; and that its estate is in process of administration under the Bankruptcy Act. By an order made April 4, 1912, the District Court, with the consent and approval of the creditors, authorized and directed the trustees to accept a certain offer made to them for the purchase of certain properties belonging to the bankrupt estate. They accordingly made an agreement with the intending purchaser for a sale of the properties upon the approved terms. Part of the agreed price had been paid to them, and certain stock delivered to them, to be held as security for the balance remaining due. Thereupon also on April 4, 1912, they had reported their doings as above to the court, and the court had entered an order confirming the sale.

There has been no attempt, so far as the record shows, to revise or appeal from any of the orders of court authorizing and confirming the sale. But in his petition filed May 22, 1912, the petitioner asked

the bankruptcy court to order the trustees to show cause why their agreement for sale, approved and acted on as above, should not be modified in a certain manner set forth. He asked also that, pending the hearing, the trustees be enjoined from taking further steps toward carrying the sale into effect.

The purchaser at the sale is a reorganization committee of the bankrupt's stockholders. The only allegation in the petition tending to show that the petitioner has any standing in the bankruptcy case, for any purpose, is that he owns 50 shares of stock in the corporation. His petition sets forth that it is brought on behalf of himself and of other stockholders similarly situated, who may care to join in the proceeding and share the expense involved. No other stockholder, however, has appeared to join in it.

[4, 5] The fact that he is a stockholder gave the petitioner no standing in the bankruptcy case, and no right, therefore, to require the trustees to answer his petition. It gave him no such interest in the bankruptcy proceedings as would make him a proper party to them. The corporation, not its stockholders, had surrendered its property for administration, and the trustees were holding it because they had been vested with the corporation's title to it, not because any interests of stockholders in it had passed to them. They were holding it in trust, not for the stockholders, but for the creditors of the corporation; or, after payment of all debts, for the corporation itself. The petitioner alleged that the proceedings on April 4, 1912, were without notice to stockholders other than those composing the committee. No notice to stockholders of the proposed sale was necessary. The creditors were the only persons interested or entitled to notice. No requirement of notice to the bankrupt of such a sale is to be found in the act, still less any requirement of notice to the stockholders of a bankrupt corporation.

[6] The petition to the bankruptcy court contained an allegation that the corporation "is not now and for some time has not been insolvent, but the value of its assets is now largely in excess of its liabilities." Of course, while the adjudication remained in force (and no attempt to vacate it has ever been made, so far as appears), the corporation must be regarded as insolvent for all purposes of the bankruptcy administration, whatever the value of its assets or the amount of its liabilities. West Company v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. The allegation amounts only to saying that there will be a surplus belonging to the corporation after the bankruptcy administration is completed. There are further allegations in the petition to the same effect, purporting to show also that the surplus will be of large amount.

[7, 8] The assumption that there will be such a surplus, however, does not help to make a stockholder a proper party in the bankruptcy case. The surplus would belong to the corporation, not to its stockholders. The trustees would hold it for the bankrupt, from whom it came to them. Re Hoyt, Fed. Cas. No. 6,806. For the purpose of returning it, whether under section 66b or otherwise (Johnson v. Norris, 190 Fed. 459, 111 C. C. A. 291), the court could not recognize

stockholders—it could deal only with duly authorized representatives of the corporation. The court's jurisdiction being limited, and only that necessary to enable it to administer the estate under the bankruptcy act, it would be without power to hear and determine claims made by others to property in its control for the purpose only of being returned to the bankrupt from whom it came. In an affidavit later filed by the petitioner, in the bankruptcy court, on September 12, 1912, it is stated that the bankrupt was not represented when the sale was ordered and confirmed, because "its executive officers were in prison, having been convicted of criminal methods in the sale of stock of the bankrupt company to the public." Even if representation of the bankrupt had been necessary at the hearing regarding the sale, it is obvious that no inability of the corporation to act for itself could be implied from the facts thus stated.

The grounds set forth in the petition to the bankruptcy court for the relief therein sought were certain alleged doings of the reorganization committee, claimed to have been in violation of the rights of stockholders. It was asserted that terms prescribed by the committee, upon which stockholders might subscribe to a plan of reorganization, were inequitable, and such that many stockholders could not comply with them. It was asserted that the committee was reselling the assets purchased by it for certain stock of another company, and that, unless this stock was distributed pro rata among the bankrupt's stockholders, the effect of the trustees' sale would be to let certain stockholders profit at the expense of a majority. The bankruptcy court was asked to require the trustees, before completing the sale ordered, to modify their agreement with the committee so as to require the "distribution of any proceeds over and above the amount necessary to satisfy the indebtedness of the bankrupt and the expenses of this proceeding equally among all the stockholders."

[9] If any circumstances could, in any event, have justified the bankruptcy court in directing its trustees not to complete a sale approved by creditors, ordered by the court and partly carried into effect, it is obvious that no such circumstances appeared from this petition. The committee was before the court only as the highest bidder for the property to be sold. Whether it was composed of stockholders of the bankrupt corporation or not, whether it had authority from them or not, or what dealings, if any, there had been between it and them, were all matters in which the court was in no way concerned. The attempted interference by a stockholder owning 50 shares out of 1,200,000, with the trustee's performance of what the court had authorized and directed, was wholly unjustified by anything alleged in the petition, and denial of the petition was the only action which the court could have taken.

[10] This case was argued and briefs submitted by both sides on January 30, 1913. Afterward, on February 6, 1913, the petitioner moved to withdraw his petition to revise. The trustees objecting, this motion was denied. American Bell, etc., Co. v. Western Union, etc., Co., 69 Fed. 666, 16 C. C. A. 367; Pullman Co. v. Transp. Co., 171 U. S. 138, 146, 18 Sup. Ct. 808, 43 L. Ed. 108. Thereafter, on Febru-

ary 11, 1913, the petitioner filed his consent that the petition to revise be dismissed. Notwithstanding this, however, we think the trustees are entitled to a decision by the court.

Let there be a decree affirming the order of the District Court, with costs for the respondents.