## GREGG GRAIN CO. et al. v. WALKER GRAIN CO. et al.*

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922.)

### No. 3922.

1. **Bankruptcy** ⬤═⇒439—**Order held reviewable on petition to revise.**

An order requiring a referee to hear contests of claims which he had previously dismissed *held* reviewable on petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608).

2. **Bankruptcy** ⬤═⇒339—**Bankrupt not a party in interest, who may contest claims.**

The bankrupt is not a party legally interested in the distribution of his estate, who may contest the allowance of claims; nor is a creditor, who, by reason of having received a voidable preference, has no provable claim.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

In the Matter of the Walker Grain Company, bankrupt. On petition of the Gregg Grain Company and others to revise order of District Court. Reversed.

Stanley Boykin, of Fort Worth, Tex. (Capps, Cantey, Hanger & Short and H. C. Ray, all of Fort Worth, Tex., on the brief), for petitioners.

P. Walter Brown, Sidney L. Samuels, and Clay Cooke, all of Fort Worth, Tex. (Samuels & Brown, Armstrong & Powell, and Cooke, Dedmon & Potter, all of Fort Worth, Tex., on the brief), for respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a petition to superintend and revise an order, entered by the District Judge, requiring the referee in bankruptcy to hear and decide contests "by the bankrupt and the creditors of the bankrupt, or by any party at interest," of the claims of petitioning creditors of the bankrupt estate of the Walker Grain Company.

The claims of petitioners are based upon breaches by the bankrupt of contracts for the purchase of grain by it from petitioners. A decree adjudicating the Walker Grain Company a bankrupt was affirmed by this court in 268 Fed. 510.

The claims of petitioners were duly verified and filed with the referee. These claims were contested by certain parties, who claimed to be creditors. The trustee joined in the contest, but asked permission to

withdraw his objections at the hearing, upon the ground that he was unable to make any showing against their allowance, after a consultation with the bankrupt and other contestants, and also after an examination of testimony which had been taken upon the issues of insolvency and acts of bankruptcy. The referee overruled all the contests. Thereafter all the contestants, except the trustee, sought a review by the District Judge; but, before their petition came on to be heard, it was withdrawn by all of them, except the bankrupt and S. E. Walker. It is therefore necessary to consider only the contests filed by the bankrupt and by Walker.

Upon the former appeal we held:

"The evidence showed beyond dispute that the respondent [bankrupt] was insolvent."

Walker contended before the referee that he had two valid claims against the estate, one in the sum of $32.25 for services performed, and another in the sum of $285.08 by assignment. The findings of fact by the referee are to the effect that Walker's individual claim accrued after bankruptcy, and that no assignment of the other claim had been made, and that Walker had received a void preference in an amount exceeding the aggregate of the two claims presented by him. Upon these findings of fact, the referee sustained objections made by the petitioning creditors to these two contests.

[1] A motion is made to dismiss the petition upon the ground that the question for review should be presented by appeal, and not by petition to superintend and revise. The reason urged in support of the motion is that the District Court in effect allowed the claims of the petitioning creditors. We do not doubt the right of the District Judge to order a re-examination of the claims filed by the petitioning creditors. But the question of the allowance of the claims was not brought up for review before the District Court, and is not involved in the proceeding now before this court.

We are of opinion that the matter before us arises under section 24b of the Bankruptcy Act (Comp. St. § 9608), and is therefore properly presented by a petition to superintend and revise. In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. The motion to dismiss is therefore denied.

[2] The question presented is whether the court erred in ordering a hearing upon the contests of the bankrupt and Walker. Objection to the allowance of claims can only be made by parties in interest. Bankruptcy Act, § 57d (Comp. St. § 9641). That interest must be in the estate to be administered and distributed. In re Sully, 152 Fed. 619, 81 C. C. A. 609. The bankrupt, being insolvent, has no interest in the manner of distribution of the assets of the estate among his creditors. Herndon v. Howard, 9 Wall. 664, 19 L. Ed. 809. That is a matter in which the creditors alone are interested.

Walker had no standing to object by reason of his individual claim, which accrued after the petition in bankruptcy was filed. Zavelo v. Reeves, 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. The findings of fact by the referee, to the effect that Walker held no claim by assignment, and that he had secured a void

preference larger in amount than the aggregate of his claims, were not disturbed by the District Court. These findings are sufficient to show as a matter of law that Walker was not entitled to contest the claims of petitioners.

As neither the bankrupt nor Walker had any standing to file contests before the referee, and as there remain no "parties in interest" who are contesting, the conclusion is that the court below erred in the order entered, and of which complaint is made.

The petition to superintend and revise is granted, with directions for further proceedings not inconsistent with this opinion.