241 F.2d 768
 In the Matter of The WOODMAR REALTY COMPANY, Debtor.
WOODMAR REALTY COMPANY, a corporation, Debtor, and Esma S. Wolf, Morse Dell Plain, Roscoe E. Woods & Company and Burton J. Steelman, Certain of its Stockholders, Appellants,
v.
Walter A. McLEAN, Trustee et al., Appellees.
 No. 11783.
 United States Court of Appeals Seventh Circuit.
 February 28, 1957.
 Rehearing Denied April 2, 1957.
 
 Benjamin Wham, Chicago, Ill., Owen W. Crumpacker, Theodore M. Gemberling, Hammond, Ind., for appellants.
 Edmond J. Leeney, Charles Levin, John F. Beckman, Jr., Hammond, Ind., Herschel B. Davis, Albert Gavit, Gary, Ind., William Belshaw, Whiting, Ind., for appellee.
 Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.
 SWAIM, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court striking the objections of the appellant-bankrupt and its stockholders to the trustee in bankruptcy's petition for allowance of claims. The motions of the appellees to dismiss this appeal were denied without prejudice to renew the same and the motions to dismiss have been renewed. The question presented by this appeal and the motions to dismiss is whether the bankrupt and/or its stockholders have standing to object to the allowance of claims against the bankrupt's estate.
 
 
 2
 On January 13, 1941, an involuntary petition was filed in this cause under Chapter 10 of the Bankruptcy Act against the bankrupt by three owners of defaulted special improvement bonds affecting the bankrupt's property. The bankrupt filed an answer admitting the allegations of the petition, which included an allegation of insolvency, and consented to approval of the petition. On February 16, 1953, pursuant to a hearing held on January 6, 1953, in accordance with section 236 of the Bankruptcy Act, 11 U.S.C.A. § 636, the District Court found that the amended plan for reorganization, confirmed in these proceedings on December 21, 1941, had not been consummated, that the proposed amendments were not feasible and that no extension of time for the proposal of a further plan had been requested, and therefore adjudged appellant bankrupt and ordered that the bankruptcy of appellant proceed in accordance with section 236(2) of the Bankruptcy Act, 11 U.S.C.A. § 636(2). On September 7, 1955, the trustee in bankruptcy filed his final report and a petition for the allowance of certain claims. On September 27, 1955, the bankrupt and certain of its stockholders filed objections to the allowance of claims. The trustee and certain creditors filed motions to strike the objections and on March 5, 1956, the District Judge granted the motions to strike on the ground that the bankrupt and its stockholders were not "parties in interest," and thus were without standing to object to the allowance of claims. The claims objected to constitute approximately three-fourths of the claims in amount filed against the bankrupt's estate. The action taken on these claims will determine whether there will be a surplus available for the bankrupt.
 
 
 3
 Section 57, sub. f of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. f, provides that "[o]bjections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estates and the claimants will permit." Section 57, sub. f, does not answer the question as to who may interpose an objection to the allowance of a claim, but section 57 sub. d, 11 U.S.C.A. § 93, sub. d, provides that "[c]laims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest * * *." (Emphasis added.) Thus the question of who may object resolves into an inquiry of who is a "party in interest." Since the bankrupt is insolvent he generally has no interest in the manner of distribution of the assets among his creditors, and the right of the bankrupt to object to the allowance of claims has been confined to exceptional cases. In re Pramer, 7 Cir., 131 F.2d 733; Gregg Grain Co. v. Walker Grain Co., 5 Cir., 285 F. 156, certiorari denied 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212; In re Solomons, D.C.S.D.N.Y., 2 F.Supp. 572. But cf. In re Rubin, 7 Cir., 24 F.2d 289, certiorari denied Rubin v. Midlinsky, 278 U.S. 609, 49 S.Ct. 13, 73 L.Ed. 535, where the bankrupt was allowed to file objections but the question of standing was apparently not raised. After the trustee has been appointed objections to claims are his function. He has not only the right but the duty to object to any claim not entitled to allowance. § 47, sub. a(8) of the Bankruptcy Act, 11 U.S. C.A. § 75, sub. a(8); James Talcott, Inc., v. Glavin, 3 Cir., 104 F.2d 851, certiorari denied 308 U.S. 598, 60 S.Ct. 130, 84 L. Ed. 501. The needs of orderly and expeditious administration of the bankrupt's estate stand in the way of bankrupt intervention and participation in matters confided to the trustee. The bankrupt does have a duty to "examine and report to his trustee concerning the correctness of all proofs of claim filed against his estate," § 7, sub. a(3) of the Bankruptcy Act, 11 U.S.C.A. § 25, sub. a(3), but it does not follow, as urged by the bankrupt, that the bankrupt has a correlative right to object to claims. If any implication arises from the existence of this duty, it is to the contrary, that the trustee is the proper party to interpose objections to claims. Such a correlative right is not indispensable to the discharge of the duty to examine and report, as may be the case where there is no trustee to interpose objections. See In re Ankeny, D.C.N.D.Iowa, 100 F. 614.
 
 
 4
 The bankrupt insists that General Order 21(6), following 11 U.S.C.A. § 53, as amended, makes it clear that the bankrupt is a "party in interest." General Order 21(6) provides:
 
 
 5
 "When the trustee or any creditor or the bankrupt or debtor shall desire the reconsideration of any claim allowed against the estate, he may apply by petition to the referee to whom the case is referred for an order for such reconsideration, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor."
 
 
 6
 One cannot help but be impressed with the argument that if a bankrupt may apply for reconsideration, he should a fortiori be allowed to object to the allowance of a claim. See Matter of Ferrer, D.C. Puerto Rico, 22 Am.Bankr.Rep. 785. Orderly procedure would require that objections be interposed when a claim is being considered rather than after it has been allowed. By way of dictum in In re Povill, 2 Cir., 105 F.2d 157, the court observed that General Order 21(6) is expository of section 57, sub. d:
 
 
 7
 "The preliminary point is raised that the bankrupt had no standing to object to the claim. By section 57d of the Bankruptcy Act, 11 U.S.C.A. § 93d, the right to object to claims is accorded to `parties in interest'. It was held in Gregg Grain Co. v. Walker Grain Co., 5 Cir., 285 F. 156, certiorari denied 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212, that in cases where the estate was insolvent the bankrupt would not be permitted to contest claims. The holding had some support in General Order XXI (6), 11 U.S.C.A. following section 53, which at that time provided that `the trustee or any creditor' might have reexamination of a claim. But General Order XXI(6), as amended in 1933, 11 U.S.C.A. following section 53, now provides that claims will be reexamined at the instance of `the trustee or any creditor or the bankrupt or debtor'. This order is expository of section 57(d) of the Act, and it would seem that a bankrupt may now move to expunge a claim filed against the estate, whether the estate be solvent or insolvent. Whether that is the rule in all cases, however, need not be decided." 105 F.2d at page 159.
 
 
 8
 However, the analogy may prove too much. The broad language of General Order 21(6) has been severely restricted in practice. The decisions have generally confined the bankrupt's and creditors' right to petition for reconsideration to situations in which the trustee clearly and unreasonably refused to act or in which there was no trustee. See, e.g., In re Lewensohn, 2 Cir., 121 F. 538, certiorari denied H. Bauendahl & Co. v. Jacob S. Bernheimer & Bro., 189 U.S. 513, 23 S.Ct. 853, 47 L.Ed. 924; In re Fine, D.C.Conn., 300 F. 429; In re Mexico Hardware Co., D.C.N.M., 197 F. 650; In re Canton Iron & Steel Co., D.C.Md., 197 F. 767; In re Ankeny, D.C.N.D.Iowa, 100 F. 614. In any event, the decision here need not rest on the proposition that General Order 21(6) is expository of section 57, sub. d.
 
 
 9
 The bankrupt has been permitted to object to allowance of claims in cases where in the event of disallowance there would be a surplus left for the bankrupt. In re Povill, 2 Cir., 105 F.2d 157; In re Hopkins, D.C.R.I., 15 F.2d 206 (on petition to review); cf., In re Witherbee, 1 Cir., 202 F. 896. The bankrupt here has brought itself within this exception to the general rule. The bankrupt's interest in having claims in excess of $300,000 disallowed, in which event a substantial surplus would be available for the bankrupt, is obviously real, and the conclusion is inescapable that under these circumstances the bankrupt is a "party in interest." The appellees and the District Court have not considered, as far as we can determine, the applicability of this exception to the instant case. The District Court in its opinion referred to the Povill case, but concluded without elaboration that there was nothing to be found in the instant proceeding that brings it within the purview of this exception. The appellees make no attempt to answer this point, but content themselves with a recitation of the general rule, which no one disputes, that a bankrupt is not a "party in interest."
 
 
 10
 The appellees seem to argue, however, that the trustee has precedence in such matters, and if the bankrupt has objections to claims they should be reported to the trustee, and upon the trustee's refusal to act the bankrupt's remedy is to petition the court for an order compelling the trustee to act, or permitting the bankrupt to defend in his name, or possibly to have the trustee removed and a successor appointed; but that in no event does the bankrupt have the right to proceed over the head of the trustee as was done in the instant case. Such a salutary rule no doubt has much to recommend it in the way of orderly and expeditious administration, but section 57, sub. d does not place such a restriction on the rights that flow from being a party in interest. However, the cases seem to support the view that the trustee shall be the mouthpiece of the bankrupt and creditors notwithstanding the fact that they may be "parties in interest." See, e. g., In re Honesdale Union Stamp Shoe Co., 3 Cir., 102 F.2d 372; In re Chakos, 7 Cir., 24 F.2d 482; In re American Fidelity Corporation, D.C.S.D.Cal., 28 F.Supp. 462. But see In re Flanders Co., 6 Cir., 32 F.2d 654; In re Roche, 5 Cir., 101 F. 956. Thus, the right to object has been reduced to a right, if necessary, to compel the trustee to object. See In re A. B. Carton & Co., D.C.S.D.N. Y., 148 F. 63. In view of the court's decision below that the bankrupt was not a "party in interest," however, no useful purpose would have been served by requiring the bankrupt to pursue such a procedure.
 
 
 11
 Accordingly, the motion to dismiss as to the bankrupt is denied, and the order of the District Court striking the bankrupt's objections is reversed and the cause remanded for further proceedings consistent with this opinion. As to the appellant-stockholders, the motion to dismiss is granted. In re Witherbee, 1 Cir., 202 F. 896; In re Michigan-Ohio Bldg. Corporation, 7 Cir., 117 F.2d 191.
 
 
 12
 Affirmed in part, reversed in part and remanded.
 
 
 13
 FINNEGAN, Circuit Judge, dissents.