287 F.2d 542
 In the Matter of COMMUNITY NEIGHBORS, INC., Bankrupt.
COMMUNITY NEIGHBORS, INC., the corporation, Everett C. Boyd
and Ernest R. Rather, as majority directors of Community
Neighbors, Inc. and Everett C. Boyd, as creditor of the
bankrupt corporation, Appellants,
v.
Francis J. CURTIS, Trustee, Community Neighbors, Inc.,
Bankrupt, Appellees.
 No. 13152.
 United States Court of Appeals Seventh Circuit.
 March 2, 1961.
 
 1
 Leo J. Powers, Joseph W. Boyd, Chicago, Ill., for appellants. Powers & Boyd, Chicago, Ill., of counsel.
 
 
 2
 Joseph L. Kadison, Anna R. Lavin, Sherwin O. Simon, Chicago, Ill., for appellees.
 
 
 3
 Before SCHNACKENBERG and KNOCH, Circuit Judges, and GRUBB, District judge.
 
 
 4
 GRUBB, District Judge.
 
 
 5
 This is an appeal from an order of the district court approving and confirming an order entered by the referee in bankruptcy in the instant proceedings. Appellants are Community Neighbors, Inc., the bankrupt corporation; Everett C. Boyd and Ernest R. Rather as majority directors of said corporation; and Everett C. Boyd as creditor thereof.
 
 
 6
 On May 13, 1958, Leonard Roth, doing business as Roth Electric and Engineering, filed and involuntary petition in bankruptcy against Community Neighbors, Inc. On May 23, 1958, Collen, Kessler & Kadison as well as A. M. Burroughs filed appearances on behalf of the debtor. On May 28, 1958, the referee found that Charles Macdonell, the President of Community Neighbors, Inc., had authority to employ an attorney and had selected Collen, Kessler & Kadison to represent said corporation. An order designating said attorneys as counsel for the debtor was entered accordingly.
 
 
 7
 On June 13, 1958, at a meeting of the Board of Directors of Community Neighbors, Inc., Rather and Boyd, as a majority of the directors, disapproved the action of Charles Macdonell in employing counsel and resolved to retain Leo J. Powers to represent them on behalf of Community Neighbors, Inc., and to represent the debtor corporation in the bankruptcy proceedings. Leo J. Powers filed notice and appearance in the proceedings on June 16, 1958, but did not move for an order of substitution of attorneys.
 
 
 8
 Community Neighbors, Inc., was adjudicated a bankrupt on August 19, 1958, and the appellee, Francis J. Curtis, who had previously served as receiver, was appointed trustee on September 3, 1958.
 
 
 9
 On February 13, 1959, Ernest R. Rather, a director of the bankrupt, became its President, and the Board of Directors again resolved to employ Leo J. Powers on behalf of the bankrupt corporation.
 
 
 10
 Appellants filed a petition and objections to the Rith claim. At the hearing thereon on May 15, 1959, the referee permitted the objections to stand as those of the trustee in these proceedings. The referee examined Charles Macdonell, the former President of the bankrupt corporation, as a witness. The referee did not afford an opportunity to object or to cross-examine said witness and refused the tender of two witnesses by counsel for appellants. The objections to the Roth claim were denied. At this time the referee also denied a motion to substitute attorney Leo J. Powers as the attorney for the bankrupt corporation on the ground that this matter had been fully determined at an earlier date.
 
 
 11
 The order entered by the referee on the objections to the claim and on the motion for substitution of attorneys on behalf of the bankrupt corporation cannot stand.
 
 
 12
 In permitting the petition and objections filed by the appellants to stand as those of the trustee, the referee properly followed this court's decision in In re Woodmar Realty Corp., 7 Cir., 1957, 241 F.2d 768, 64 A.L.R.2d 883. The objections raise questions as to the liability of the bankrupt corporation for the merchandise and services upon which the Roth claim was founded. The questions are of sufficient import to require a full hearing thereon. On the hearing there must be recognition of the petitioners' rights to state objections; to cross-examine the witness who, according to their allegations, lacked authority to incur the liability on behalf of the bankrupt corporation; and to offer testimony of witnesses to substantiate their objections.
 
 
 13
 It now appears that a surplus will be available whether or not the Roth claim is allowed. The bankrupt corporation is 'a party in interest' with respect to proceedings affecting the surplus. Cf. In re Woodmar Realty Corp.,241 F.2d 768, 771. The right of 'a party in interest' to representation by counsel of its own choosing cannot be disputed. Since the earlier determination by the referee that Collen, Kessler & Kadison be designated as attorneys for Community Neighbors, Inc., events have taken place that alter the circumstances, in light of which the prior designation was decided. After filing of the involuntary petition and appointment of a receiver, but prior to adjudication, a majority of the Board of Directors of Community Neighbors, Inc., disapproved the action of its President in the selection of counsel. Following the adjudication, Ernest R. Rather succeeded Charles Macdonell as President of the bankrupt corporation, and a majority of directors again resolved to employ Leo J. Powers to represent said corporation in these proceedings.
 
 
 14
 There has been no showing that the act of the bankrupt corporaion in choosing an attorney and in requesting a substitution of counsel has interfered with or impeded the orderly administration of the bankrupt estate or of these proceedings. In light of the altered circumstances since the earlier decision of the referee as to legal representation for Community Neighbors, Inc., this question must be examined again.
 
 
 15
 For the foregoing reasons, the order of the district court is hereby reversed, and the case is remanded for proceedings not inconsistent with this opinion.