In the Matter of the **WOODMAR REALTY COMPANY**, a corporation, Debtor.
**WOODMAR REALTY COMPANY**, a corporation, Evelyn Johnson, et al., Appellants,

v.

**Walter A. McLEAN, Trustee, etc.,** Appellee.

**No. 13575.**

United States Court of Appeals
Seventh Circuit.

July 26, 1962.

Benjamin Wham, Chicago, Ill., Owen W. Crumpacker, George V. Burbach, Hammond, Ind., David Peters, Fort Wayne, Ind., Arthur Fruechtenicht, Fort Wayne, Ind., William H. James, Hammond, Ind., Oliver H. Eggers, Fort Wayne, Ind., for appellants.

Fred L. Feick, Garrett, Ind., for appellant Veda Woodward.

Herschel B. Davis, Gary, Ind., for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

The background factual situation out of which this appeal arises has been fully set out in our opinions in past appeals, including, *inter alia,* In re Woodmar Realty Company, 1961, 7 Cir., 294 F.2d 785; 1960, 7 Cir., 284 F.2d 815; and 1957, 7 Cir., 241 F.2d 768, 64 A.L.R.2d 883. It need not be repeated here.

On July 22, 1957, the late Judge W. Lynn Parkinson, then a Judge of the U. S. District Court for the Northern District of Indiana, granted a petition of Woodmar Realty Company for authority to negotiate with certain claimants and to compromise and settle their claims out of funds in the possession of the Trustee herein. Motion was filed to vacate that authorization, on the ground, in part, that § 27 of the Bankruptcy Act, 11 U.S.C.A. § 50 allowed the trustee alone to compromise claims. Judge Parkinson denied the motion, but on August 30, 1957, he amended the authorization to provide for each compromise to be sub-

ject to approval of the Court "on petition of the Trustee and after a hearing by the Court upon 10 days notice to all creditors and interested parties herein as directed by this Court."

On January 19, 1960, District Court Judge Tehan, before whom this cause was then pending, denied approval of some 105 compromise settlements negotiated by Woodmar Realty. Woodmar Realty appealed that ruling to this Court which reversed it and remanded the cause with instructions to approve those settlements. 284 F.2d 815. At that time Woodmar Realty was proceeding under the specific authority granted by Judge Parkinson in his aforementioned orders of July 22 and August 30, 1957.

■ Meanwhile, on February 24, 1960, District Judge Tehan entered an order revoking the authority previously granted Woodmar Realty to enter into compromise negotiations with claimants to settle their claims with funds of the estate.

No appeal was taken from that order. Woodmar Realty seems to take the position that the order revoking its authority to compromise claims was somehow disposed of by this Court's opinion in 284 F.2d 815. We cannot agree. The order was not made a part of the record on that appeal from the prior denial of the initial settlements made under the authority granted by Judge Parkinson. Nor was this Court's attention invited to the existence of this order. At page 819 of its opinion, this Court observed that:

"In his post-order opinion of February 11, 1960, Judge Tehan 'ordered' that the court's orders of July 22, 1957 and August 30, 1957 be vacated and set aside, * * *"

but noted in footnote 7 on the same page:

"However the record does not show that any order was entered by the court to this effect."

The order of February 24, 1960, revoking Woodmar Realty's authority to compromise claims thus stands as a final order of the District Court from which no appeal was taken.

Despite the revocation of its authority, Woodmar Realty continued negotiations and subsequently filed stipulations of dismissal entered into between itself and certain claimants, which disclosed agreements to settle their claims for specific sums to be paid by the Trustee out of the funds of the bankrupt estate. The documents submitted to the District Court in connection with these settlements included spaces for noting approval of the District Court, which Woodmar apparently considered to be a mere matter of form, and form orders for signature by the District Court dismissing the claims, withdrawing objections to the claims and directing the Trustee to pay the sums indicated. The Court denied approval and denied petitions to set hearings on these settlements. This appeal followed.

■ There is a distinction between negotiations for settlement between ordinary civil litigants dealing with their own funds and bankrupts seeking to compromise and settle claims against an estate out of the estate's funds, over the distribution of which the Bankruptcy Court has complete, paramount and exclusive jurisdiction.

■ Woodmar Realty is, of course, free to negotiate and settle any claims against the estate with funds other than those in the bankrupt estate.

The Bankruptcy Act sets up a procedure for disbursing the funds of the estate to compromise claims. Section 27 provides:

"The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

and § 58, sub. a(6), 11 U.S.C.A. § 94, sub. a(6) requires notice and hearing on proposed compromises involving more than $1,000.00.

■ Once Woodmar Realty's specific authorization by the District Court was revoked by the District Court, Woodmar Realty was without authority to conduct

settlement negotiations to compromise claims with estate funds.

All arguments advanced by counsel for Woodmar Realty in briefs and in oral argument have been carefully considered. None of them alters our firm conclusion that the ruling of the District Court must be affirmed. In the light of our ruling on this appeal, the Trustee's motion to dismiss the appeal is rendered moot.

Affirmed.