In re Margaret R. NEFFERDORF
a/k/a Margaret Nefferdorf,
Debtor.

Margaret R. NEFFERDORF a/k/a
Margaret Nefferdorf, Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Defendant.

Civ. A. No. 83–1217.

United States District Court,
E.D. Pennsylvania.

June 28, 1984.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Esther Hornik, Philadelphia, Pa., for Federal Nat. Mortg. Ass'n.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Debtor-appellant, Margaret Nefferdorf, appeals the order of the bankruptcy court that dismissed her complaint for declaratory relief brought pursuant to 11 U.S.C. § 506(a) and (d). Mrs. Nefferdorf, whose petition for relief was filed under Chapter 7 of the Bankruptcy Code, sought a declaration that the mortgage lien of appellee, Federal National Mortgage Association, was void to the extent that it exceeded the value of debtor's real property located at 3441 Hurley Street, Philadelphia, Pennsylvania. Mrs. Nefferdorf and her husband purchased said property as tenants by the entireties and executed a purchase money bond and mortgage for $35,250.00 in favor of the lender Colonial Service Company. The mortgage was later assigned to creditor-appellee Federal National Mortgage Association ("FNMA"). Appellant and her husband failed to make payments as required by the mortgage loan document. Appellee filed a complaint for mortgage foreclosure in the Common Pleas Court of Pennsylvania. The husband thereafter filed a Chapter 7 bankruptcy petition resulting in a stay of the foreclosure action. After the husband's discharge in bankruptcy was granted, the appellant filed her separate petition under Chapter 7. She listed the Hurley Street property as one of her assets. Again, the foreclosure action was automatically stayed. Appellee filed in the bankruptcy court a complaint to modify the stay. This was followed by appellant's complaint for declaratory relief in which she seeks to void a portion of the

mortgage lien on the property pursuant to §§ 506(a) and (d) of the Bankruptcy Code.[1]

The bankruptcy court received a report of no asset filed by the interim trustee and scheduled a hearing to take testimony regarding debtor's discharge in bankruptcy, the debtor's complaint for declaratory relief, and the creditor's complaint for an order of abandonment of the property. At the hearing, the court received evidence on the issue of the value of the debtor's premises and from the evidence found the fair market value of the real property to be $11,000. The court further found that FNMA had a valid first mortgage on the premises in the amount of $19,000 and that the debtor had no equity in the property. The court granted FNMA relief from the automatic stay pursuant to 11 U.S.C. § 362.

▄ Appellant claims that the bankruptcy court erred in granting the motion of appellee to dismiss the complaint for declaratory relief. The bankruptcy judge acknowledged in his opinion that the debtor relied on § 506(d) of the Bankruptcy Code as authority for the lien avoidance sought. Section 506(d) provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> > (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or
> >
> > (2) such claim was disallowed only under section 502(d) of this title.

The bankruptcy court pointed to the legislative history concerning subsection (d) and observed that both the statute and the legislative history require the party seeking to avoid the lien to request the court to determine allowance or disallowance of the claim under § 502. Appellant's complaint does not set forth a reference to the specific provision in § 502 upon which the debtor relies. However, it is argued on appeal that the complaint presented to the bankruptcy judge falls within § 502(b)(1) which provides for the disallowance of a claim when "such claim is unenforceable against the debtor and unenforceable against property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The bankruptcy judge found that none of the reasons to disallow a claim pursuant to § 502 are present in this case. The court therefore concluded that the lien passed through the bankruptcy proceeding unaffected and was not voidable.

Bankruptcy Rule 8013 provides the standard of review for appeals from the bankruptcy court:

> "[O]n an appeal, the District Court ... may affirm, modify or reverse a Bankruptcy Court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses."

After a careful review of the record, I conclude that none of the findings of fact made by the bankruptcy judge are clearly erroneous. Appellant argues that on the motion to dismiss the court is limited to a consideration of the complaint. Careful examination of the complaint fails to disclose that appellant set forth factual allegations sufficient to state a cause of action that the creditor's claim was unenforceable against the debtor and unenforceable against property of the debtor. Under the circumstance the bankruptcy judge could grant the motion to dismiss without a formal

---

1. Section 506(a) provides in pertinent part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

evidentiary hearing. Moreover, the bankruptcy court properly judicially noticed the bankruptcy court record of proceedings. The order of the bankruptcy judge will be affirmed.

■ There is an additional basis for affirming the order. Appellee argues that the debtor does not have the interest required by sections 502 and 506 to sustain her position. A party in interest must request the court to determine and allow or disallow the claim. Although the bankruptcy code does not define the term "party in interest", several courts have held that a party in interest must have a pecuniary interest in the estate to be distributed. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706 (8th Cir.1979); *In re Woodmar Realty Co.*, 241 F.2d 768 (7th Cir.1957); *Gregg Grain Co. v. Walker Grain Co.*, 285 F. 156 (5th Cir.1922) *cert. denied*, 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212 (1923). The instant case involves a Chapter 7 no asset petition. The debtor was discharged. The bankruptcy court released the property from the stay, permitting the creditor to foreclose without precluding the debtor from asserting defenses available to her in the foreclosure action. Under these circumstances, I agree with the appellee that, absent a showing that a ruling favorable to the debtor would result in a surplus of assets to be returned to the debtor, appellant has no pecuniary interest in the estate and thus is not a party in interest within the meaning of the aforesaid sections. Accordingly, the order of the bankruptcy court dismissing appellant's adversary complaint will be affirmed.