**In the Matter of Richard A. DROST, Debtor.**

**Bankruptcy No. 94–40636.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Dec. 18, 1998.

Sharon Kramer, Chicago, IL, for Debtor.

James Moore, Frankfort, IN, for Movant.

### *DECISION*

ROBERT E. GRANT, Bankruptcy Judge.

This case is pending under Chapter 7 of the United States Bankruptcy Code. The William C. Hardwick Trust has filed a motion for abandonment and termination of stay with regard to real estate located in the State of California. The motion represents that the movant holds a first deed of trust on the property, securing a claim which currently exceeds $100,000, and that the value of the property is less than the amounts due on account of all liens and encumbrances against it; accordingly the property is of inconsequential value and benefit to the estate and should be abandoned. *See* 11 U.S.C. § 554(a). Notice of the motion was given to the Chapter 7 trustee, creditors and all parties in interest, giving them an opportunity to object to the relief requested. *See* Fed. R. Bankr.P. Rule 6007. Only the debtor has objected, arguing that the property constitutes his residence and that its value substantially exceeds the amounts due on account of the liens and encumbrances against it. On its own motion, the court raised the question of whether a Chapter 7 debtor has standing to object to the abandonment of property from the bankruptcy estate.[1] The matter is before the court on that issue, following the submission of briefs from both the debtor and the moving creditor.

Simply being a party to a bankruptcy case is not enough to give one standing to participate in every aspect of the proceeding or to seek relief on every issue that might arise. *Matter of James Wilson Associates,* 965 F.2d 160, 168 (7th Cir.1992); *In re Southwest Equipment Rental,* 152 B.R. 207, 209 (Bankr.E.D.Tenn.1992). To the contrary, "limits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases." *Matter of Deist Forest Products, Inc.,* 850 F.2d 340, 341 (7th Cir.1988). Strict rules, that narrowly define the scope of those who have standing to participate in the proceeding, promote the swift and efficient administration of the estate and avoid the needless multiplication of litigation. *Matter of Richman,* 104 F.3d 654, 656–57 (4th Cir. 1997). *See also In re Cult Awareness Network, Inc.,* 151 F.3d 605, 609 (7th Cir.1998); *Matter of DuPage Boiler Works, Inc.,* 965 F.2d 296, 297 (7th Cir.1992). Lax rules, on the other hand, which liberally allow anyone with some interest in the proceeding to object to a proposed course of action, tend to needlessly generate protracted litigation. *Richman,* 104 F.3d at 657.

Standing to object to a proposed course of action in a bankruptcy case requires a party to have a pecuniary interest which will be directly and adversely affected by the order the court is asked to issue. *See Depoister v. Mary M. Holloway Foundation,* 36 F.3d 582, 585 (7th Cir.1994); *Matter of Andreuccetti,* 975 F.2d 413, 416 (7th Cir. 1992). Generally, creditors easily fulfill this standard because most of the events that occur during the administration of a case will affect either the size of the estate or how it will be distributed and, thus, have an impact upon the distribution they may receive. *But see James Wilson Associates,* 965 F.2d at 168 ("To have standing to invoke a statute, you must be one of the persons whom the statute is intended to protect."). The Chapter 7 debtor, however, presents a different situation. It rarely has a pecuniary interest in the proceeding because, being insolvent, no matter how the estate's assets are distributed the debtor is not in a position to share in their distribution. *Cult Awareness Network,* 151 F.3d at 607. Consequently, a Chapter 7 debtor generally has no standing to object to creditors' claims or to the sale of the estate's assets. *In re Woodmar Realty Co.,* 241 F.2d 768, 770–771 (7th Cir.1957)(claims); *Cult Awareness Network,* 151 F.3d 605(sale of

---

1. "[F]ederal courts must satisfy themselves as to a party's standing whether or not such an issue has been raised by any of the litigants." *In re Dein Host, Inc.,* 835 F.2d 402, 404 (1st Cir.1987).

assets); *Willemain v. Kivitz,* 764 F.2d 1019 (4th Cir.1985)(sale of assets).

■ General rules are frequently subject to exceptions and the one concerning a Chapter 7 debtor's lack of standing is no different. Where the estate is solvent or where there is a reasonable possibility that the debtor would receive a distribution of any surplus assets remaining after all creditors are paid in full, the debtor has the requisite pecuniary interest necessary for standing to object. *Cult Awareness Network,* 151 F.3d at 608; *Woodmar Realty,* 241 F.2d at 770–71. Under those circumstances, the action it opposes, whether it is the amount of a creditor's claim or the price the estate is to receive in connection with the disposition of its assets, will directly and adversely affect any surplus that would be returned to the debtor, by influencing either the size of the estate or how it will be shared among creditors.

■ Debtor argues that his bankruptcy estate is solvent, so that all creditors will be paid in full; thus, he stands to receive a distribution of its surplus assets. This, he contends, gives him a pecuniary interest in the outcome of the proceeding and brings him within the exception to the general rule that a Chapter 7 debtor lacks standing to object. For the purposes of this decision, the court accepts the debtor's argument that his bankruptcy estate is solvent, so that all creditors will be paid in full, and that surplus assets will remain to be returned to him after its administration is complete. Nonetheless, this is not sufficient to give him standing to object to the abandonment of the California property.

Although the debtor may have a pecuniary interest in the outcome of the bankruptcy, that interest will not be *adversely* affected by the abandonment. To the contrary, abandonment will benefit him. Abandoned property is no longer available to be administered for the benefit of creditors. When property is abandoned under § 554, it ceases to be part of the bankruptcy estate and is returned to the debtor. *In re Olson,* 930 F.2d 6, 8 (8th Cir.1991); *In re Dewsnup,* 908 F.2d 588, 590 (10th Cir.1990), *aff'd Dewsnup v. Timm,* 502

U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *In re McGowan,* 95 B.R. 104, 106 (Bankr.N.D.Iowa 1988). Consequently, the debtor is, in a very real sense, the beneficiary of abandonment. The parties who may be adversely affected by abandonment are the trustee, who is charged with administering the estate, and the debtor's creditors, because an asset that would otherwise be property of the bankruptcy estate will pass out of the estate and revert to the debtor. Their loss becomes the debtor's gain.

In reaching this conclusion, the court recognizes that the debtor claims the California property is worth substantially more than the amounts due on account of the liens and encumbrances against it, so that it should not be abandoned. Nonetheless, the debtor will not be harmed if a valuable asset passes out of the estate and is returned to him. The argument is one that properly belongs to the trustee and debtor's creditors. Yet, they have all had the opportunity to object to the abandonment and have raised no opposition to it. *See Cult Awareness Network,* 151 F.3d at 610 (Creditors waived any objection to a proposed course of action by not raising it in a timely manner.). To the extent the debtor may be seeking to protect their rights by objecting, he may not properly do so. *See Andreuccetti,* 975 F.2d at 420; *Deist Forest Products,* 850 F.2d at 341.

The court concludes that a Chapter 7 debtor lacks standing to object to the abandonment of property from the bankruptcy estate. *Accord Behling v. M & I Marshall & Ilsley Bank,* 86 B.R. 144 (W.D.Wis.1988) (Chapter 7 debtor lacks standing to appeal abandonment). Debtor's objection will be overruled and the Trust's motion to abandon will be granted. The remaining issues raised by the Trust's motion therefore become moot.[2] An appropriate order will be entered.

**2.** Since the debtor has received a discharge,     abandonment terminates the automatic stay as to

the California real estate, as a matter of law.  *See*   11 U.S.C. § 362(c)(1), (2)(C).