**In re William W. STANLEY and Marian J. Stanley, Debtors.**

**Bankruptcy No. 89–1848–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 21, 1990.

Don M. Stichter, Stichter & Riedel, P.A., for debtors.

Michael A. Cauley, Asst. U.S. Atty., Tampa, Fla.

Neal I. Fowler, Dept. of Justice.

V. John Brook, for trustee.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an objection filed by William W. and Marian J. Stanley (Debtors) to a claim filed by the United States of America, Internal Revenue Service (Government). The matter is presented for this Court's consideration by cross Motions for Summary Judgment filed by both the Debtors and the Government. Both Motions are based on the contention that there are no genuine issues of material facts and both parties are entitled to a judgment in their favor as a matter of law. The Court has considered the Motions, together with the record and argument of counsel, and finds that the facts relevant as appear from the record are as follows:

19. I.R.C. § 6001.

In June, 1987, SAS Ambulance Service (SAS) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 87–3548–8B1. At that time, the Debtor, William W. Stanley, was president of SAS. During the pendency of the Chapter 11 case of SAS, this Court entered an Order authorizing disbursement of funds from the Court Registry and permitting SAS to pay to the Internal Revenue Service $150,000.00. The check issued by SAS included the instructions by SAS to "apply to trust fund portion only." Notwithstanding this instruction, the IRS applied the entire payment to penalties and interest on the delinquent amount of SAS' taxes rather than to the trust fund portion as directed by SAS.

The Debtors in this case filed their voluntary petition under Chapter 7 of the Bankruptcy Code in March, 1989. This Court granted the Debtors a discharge in July, 1989. In August of that year, the Internal Revenue Service filed a Proof of Claim in this Chapter 7 case in the amount of $258,-034.82. This claim was based on the 100% penalty assessed against Mr. Stanley, pursuant to 26 U.S.C. Section 6672, as a result of his failure to turn over to the Internal Revenue Service employee wage withholding and Federal Insurance Contributions Act (FICA) taxes.

The Debtors objected to the Proof of Claim filed by the IRS, and in due course this Court overruled that objection and allowed the claim on the ground that the Debtors lacked standing. The Debtors timely filed a Motion for Rehearing which was granted. The only issue currently before this Court is whether these Chapter 7 Debtors have standing to object to the claim of the IRS.

Section 502(a) of the Bankruptcy Code provides in pertinent part that a claim which is filed is allowed unless a party in interest objects. The scheme of distribution of the proceeds of the liquidation of the assets is governed by Section 726. Under this Section, no distribution can be made to the Debtor unless all unsecured claims allowed are paid in full with interest. This Court is satisfied that unless the Debtor can demonstrate that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim. *In re Isaac Silverman*, 37 B.R. 200, 201 (Bankr.S.D.N.Y.1982). The Debtors in this case have failed to show that they have a pecuniary interest in the proceeds obtained from the liquidation of the properties of the estate, therefore, this Court is satisfied that these Debtors lack standing to object to the claim of the Internal Revenue Service. *In re Margaret R. Nefferdorf*, 71 B.R. 217 (Bankr.E.D.Pa.1984).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' objection to the claim of the Internal Revenue Service be, and the same is hereby overruled, and the claim is allowed as filed.

DONE AND ORDERED.