**In re Myles S. OLSEN, Jr., Debtor.**

**Bankruptcy No. 85 B 8155.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 4, 1991.

Richard J. Lipschultz, Chicago, Ill., for debtor.

Mark Winer, Tax Div., U.S. Dept. of Justice, Washington, D.C., Rogelio Villagelio, Office of the Dist. Counsel, I.R.S., Chicago, Ill., for I.R.S.

Joseph Cohen, Cohen & Krol, Chicago, Ill., trustee.

## MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

### FACTS

This matter comes before the Court on the debtor's objection to the IRS's claim for $1,033,541.27 on the grounds that the claim was not timely filed. The debtor Myles Olsen, Jr. and a corporation whose shares are wholly owned by the debtor, Olsen Woodwork Company, Inc., both filed Chapter 11 petitions on June 27, 1985. On July 22, 1985, the IRS filed a claim against Olsen for $165,865 for "941 taxes", i.e., taxes withheld from wages paid to Olsen Woodwork employees which Olsen Woodwork had allegedly not paid to the IRS. On July 24, 1985, the IRS filed a claim against Olsen Woodwork for 941 taxes in the amount of $1,477,432.65. The bar date set by this Court in the Chapter 11 cases for filing claims against both Olsen and Olsen Woodwork was May 8, 1987. On September 15, 1987, the IRS filed an "amended" claim against Olsen for 941 taxes in the amount of $1,033,541.27. Olsen's case was converted to Chapter 7 on September 28, 1988.

Olsen objects to the September 15, 1987, IRS claim on the grounds that it was filed after the bar date set by this Court. The issue as to whether the disputed IRS claim relates back to the original claim against Olsen filed before the bar date has been fully briefed by both parties. Olsen contends that the amended claim should not relate back to the timely filing of the IRS's original proof of claim in the Olsen Chapter 11 case because it contains additional taxes, includes additional tax quarters and increases the amount of the claim tenfold. Olsen argues that the "amendment" in effect constitutes a new claim which is time barred because the IRS did not seek an extension nor did it cure its untimely filing during the new claim filing period created by the Chapter 7 conversion.

The IRS disputes Olsen's claim that new taxes are being asserted but admits that two new quarters have been added to the original claim. It argues that the amended claim relates back to the earlier claim pursuant to Fed.R.Civ.P. 15(c) because the same generic type of claim is involved and Olsen was on notice that the IRS intended to hold his bankruptcy estate liable for 941 taxes. The IRS also argues that the Court should apply the balancing test used by

other courts in similar fact situations and allow the claim on equitable grounds.

In the Court's view neither party has addressed the basic threshold issue in this proceeding: whether the debtor has standing to raise an objection to the IRS's claim. Until it is determined whether the debtor is entitled to question the IRS's claim in this Chapter 7 case, the Court cannot reach the issues raised by the parties. In fact, for all that appears on the record in this proceeding, this Chapter 7 debtor has no pecuniary interest in the outcome of this litigation and thus the debtor's objection to the claim probably will be dismissed after a further opportunity for a hearing.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 as a proceeding arising under § 502(a) of the Bankruptcy Code and Bankruptcy Rule 3007. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C) and is before the Court pursuant to Local Rule 2.33 of the United States District Court for the Northern District of Illinois referring bankruptcy cases and proceedings to this Court for hearing and determination.

## DISCUSSION

It is well established in the Seventh Circuit and other circuits that an insolvent debtor is not a party in interest within the meaning of § 502(a) because the debtor has no pecuniary interest in the distribution of his/her assets among creditors. *In re Woodmar Realty Co.*, 241 F.2d 768, 770–71 (7th Cir.1957); *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir.1985); *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706–707 (8th Cir.1979). Unless the debtor can show that the estate is a surplus estate that would yield a dividend to debtor or that disallowing the claim would produce a surplus to which the debtor would then be entitled, the debtor lacks standing to contest the

claim. *Woodmar Realty*, 241 F.2d at 770–71; *Kapp* 611 F.2d at 707; *In re Stanley* 114 B.R. 777, 778 (Bankr.M.D.Fla.1990).

■ Olsen has failed to show that he has a pecuniary interest at stake in this dispute. The vast majority of Chapter 7 estates are insolvent in the sense that valid claims against the Chapter 7 estate far exceed the assets available to satisfy those claims, and there is no evidence that this estate is any different. In addition, there is no evidence that disallowing the IRS's amended claim would render Olsen's estate solvent. However, as the issue of standing has been raised by the Court, not the parties, the Court will afford the debtor the opportunity for a hearing at which he can present evidence of a pecuniary stake in the outcome of this proceeding.

Some observations may be helpful in defining the scope of that hearing. Challenging the IRS's amended complaint seems contrary to Olsen's pecuniary interest under any theory this Court can imagine. The IRS's claim appears to be for taxes which are given priority repayment pursuant to § 507(a)(7)(C) of the Bankruptcy Code.[1] The trustee pays this type of claim ahead of the claims of Olsen's nonpriority unsecured creditors. It also appears that some or all of the IRS's claim is nondischargeable under § 523(a)(1)(A) of the Bankruptcy Code. If that is true, Olsen remains personally liable for any nondischargeable taxes not paid by the bankruptcy estate. Therefore, it would appear to be in Olsen's pecuniary interest to have the bankruptcy estate pay as much of the IRS's claim as possible from estate assets. Every nickel of nondischargeable taxes the estate pays is one less nickel Olsen has to pay personally after bankruptcy. Instead of fighting the IRS's proof of claim, one would think the debtor would be cheering

---

1. § 507(a)(7)(C) provides:
   (a) The following expenses and claims have priority in the following order:
     (7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for

   (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

the IRS on as strongly as he can.[2]

■ It is conceivable that Olsen's objection is really an attempt to render a substantial portion of the IRS's claim dischargeable on a theory that if he succeeds in having the claim disallowed, he will reduce the amount of the nondischargeable debt owed the IRS from $1,033,500 to $166,000. Such an approach would be premised on a mistaken belief that the amount of the nondischargeable debt the debtor owes the IRS somehow is confined to the amount of the IRS's allowed claim against the estate. The Bankruptcy Code makes it clear that the actual allowance of a tax claim as a priority debt and the nondischargeability of a tax claim are not related. Under the specific language of § 523(a)(1)(A), a debt for a tax of the type described in § 507(a)(7)(C) is excepted from discharge "whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A). Thus, the IRS's nondischargeable claim against this debtor (if any) would survive bankruptcy even if the IRS had never even filed a proof of claim in his bankruptcy case. *See* 11 U.S.C. § 523 Notes of Committee on the Judiciary, Senate Report No. 95–989; Bankruptcy Rule 3004 advisory committee's note; *cf., In re Gurwitch*, 794 F.2d 584, 585 (11th Cir.1986) (holding that the IRS could assert new claims against the debtor for withholding taxes even after his Chapter 11 plan had been confirmed).

## CONCLUSION

For the foregoing reasons it appears possible to the Court that Olsen is not a party in interest within the meaning of § 502(a) and lacks standing to object to the IRS's claim because he has no pecuniary interest in a reduction of the IRS's claim against his estate. The debtor is to file a pleading with the Court on or before January 18, 1991 setting forth what pecuniary interest he has in the outcome of the instant objection to the IRS's amended claim. Should the debtor fail to file such a pleading, the Court will dismiss his objection to the IRS's amended claim without further hearing. Should the debtor file a timely pleading the IRS may respond by January 25, 1991 and a hearing will be held on February 1, 1991 at 10:30 a.m. at which time the debtor may appear and show cause why his objection to the IRS's claim should not be dismissed.

2. Ironically, it would appear that if the debtor were supporting a claim filed by the IRS or on behalf of the IRS under Bankruptcy Rule 3004, the debtor might have a sufficient pecuniary interest in the outcome to have standing as payments from the estate to the IRS would have the effect of reducing the amounts the debtor would have to pay on any nondischargeable tax debt the debtor owed the IRS. *cf., 3 Collier on Bankruptcy,* ¶ 501.3 at 501–15, 501–16 (15th ed. 1990).