**In re Ronald Wayne WOODS, Debtor.**

**In re Mona Gay Quarles WOODS, Debtor.**

**Bankruptcy Nos. 90–34870, 91–30115.**

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 9, 1992.

Rainwater, Humble & Vowell, Donald K. Vowell, Knoxville, Tenn., for debtor.

Jerry G. Cunningham, U.S. Atty., Pamela G. Steele, Asst. U.S. Atty., Knoxville, Tenn., Carol C. Priest, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM ON DEBTORS' OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor, Ronald Wayne Woods, commenced Case No. 90–34870 by the filing of a voluntary petition under Chapter 11 on December 5, 1990. His wife, Mona Gay Quarles Woods, commenced Case No. 91–30115 under Chapter 7 on January 9, 1991. Upon motion of Ronald Wayne Woods filed pursuant to 11 U.S.C.A. § 1112(a) (West Supp.1991), his case was converted to Chapter 7 by an order entered on January 23, 1991. On the same date, an order was entered consolidating both cases for purposes of administration. Michael H. Fitzpatrick serves as trustee in these consolidated cases.

On July 26, 1991, the debtors filed an "Objection To Claim" whereby they object to the allowance of Claim No. 7 filed by the Internal Revenue Service (IRS) on May 6, 1991, in the amount of $385,343.94.[1] In

---

**1.** The IRS claim is filed as secured in the amount of $317,560.94 and as unsecured in the amount of $67,783.00. A Report Of Sale filed

by the trustee on June 28, 1991, evidences that the collateral relied upon by the IRS in support of the secured portion of its claim was liqui-

support of their objection, the debtors contend, *inter alia*, that the IRS failed to properly credit two pre-petition payments in the respective amounts of $98,018.60 and $11,000.00; that the IRS failed to take into account a loss carry-back "to be claimed on the Debtors 1990 form 1040 Federal Income Tax Return"; that the IRS failed to apply certain payments to the debtors' trust fund liability; and that the IRS failed to give the debtors credit for proceeds realized from the trustee's liquidation of assets. The IRS filed a response in opposition to the debtors' objection to its claim on September 25, 1991. The court, *sua sponte*, has determined that the debtors lack standing to object to the IRS claim.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West Supp.1991).

Bankruptcy Code § 502(a) provides in material part that "[a] claim ... proof of which is filed under section 501 ... is deemed allowed, unless a party in interest ... objects." 11 U.S.C.A. § 502(a) (West Supp.1991). A leading treatise on bankruptcy discusses generally the standing of a debtor to object to a claim in a Chapter 7 case as follows:

> There is a question as to whether the debtor is a party in interest within the meaning of section 502(a). Although it cannot be said that the debtor has no interest in the distribution of his assets among his creditors, the better view is that the debtor himself is not a party in interest notwithstanding that under section 501(c) the debtor may file a proof of claim when a creditor does not timely file a proof of its claim. It would seem that in keeping with the debtor's duty under section 521(3) to cooperate with the trustee as necessary to enable the trustee to perform his duties, the debtor would be limited to advising the trustee and relying upon the exercise of the trustee's duty to object to claims which should not be allowed, in whole or in part, against the debtor's assets.... Simply stated, the duty of the debtor described by sec-

tion 521(3) does not necessarily suggest a correlative right in the debtor to see to it that no excessive or improper claim is asserted against his estate.

> When there is a trustee ... it would seem that in the absence of some precise expression of policy it is the debtor's duty to inform the trustee and to advise him of the nature of the claim and the reasons that it is said to be improper. But it is the trustee who must decide whether there is enough merit in the debtor's opposition to the claim to interpose an objection. Thus, the debtor's right in all likelihood is limited to voicing his personal opposition and to compel the trustee to object.

3 *Collier On Bankruptcy*, ¶ 502.01[2] (15th ed. 1991) (citations omitted).

At least two bankruptcy courts have concluded that debtors in Chapter 7 cases lack standing to object to claims filed by the IRS. Both courts conclude that unless the estate is solvent, the debtor has no pecuniary interest in a reduction of the IRS's claim against the estate. *In re Olsen*, 123 B.R. 312, 313 (Bankr.N.D.Ill.1991) ("[A]n insolvent debtor is not a party in interest within the meaning of § 502(a) because the debtor has no pecuniary interest in the distribution of his/her assets among creditors." (citations omitted)); *In re Stanley*, 114 B.R. 777, 778 (Bankr.M.D.Fla.1990) ("[U]nless the Debtor can demonstrate that disallowing the claim would produce a surplus which would be available to the Debtor, the Debtor lacks standing to object to the claim." (citation omitted)).

This court agrees with *Olsen* and *Stanley*. Further, Bankruptcy Code § 704 provides that as one of his/her duties, a trustee *"shall ... (5)* if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper...." 11 U.S.C.A. § 704 (West Supp.1991) (emphasis added). The responsibility for examining and objecting to claims rests with the trustee. To permit debtors to assume that responsibility would

---

dated for a sum considerably less than the amount of the claim. Thus, pursuant to 11 U.S.C.A. § 506(a) (West 1979) it appears the IRS

is, for all practical purposes, an unsecured creditor.

permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate. In the instant case, the trustee has not objected to the IRS claim thus suggesting to the court that the trustee has determined that an objection would serve no purpose. The court understands a debtor's interest in determining the dischargeability of an obligation owed the IRS. An objection to a claim filed by the IRS is not the appropriate method by which to address this issue.

For the reasons set forth herein, the debtors have no standing to object to the IRS claim. Their objection will accordingly be overruled. An appropriate order will be entered.