**In re CREDITORS SERVICE CORPORATION, Debtor.**

**Bankruptcy No. 94–50019.**
**EIN: 31–0802367.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 24, 1997.

John F. Cannizzaro, Cannizzaro, Fraser & Bridges, Marysville, Ohio, for Consolidated Estate.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, Ohio, for Kathleen Cooley, et al.

Arnold S. White, Chapter 7 Trustee, Columbus, Ohio.

Victoria E. Powers, Schottenstein, Zox & Dunn, Columbus, Ohio, for Consolidated Freightways of Delaware, Inc.

Alexander G. Barkan, Assistant United States Trustee, Columbus, Ohio.

*MEMORANDUM OPINION AND ORDER*

CHARLES M. CALDWELL, Bankruptcy Judge.

On May 13, 1996, this Court entered a Memorandum Opinion and Order ("Order"). The Order provided for the substantive consolidation of the individual, Kathleen Cooley ("Ms. Cooley"), and the entities, RKC Development Corporation ("RKC"), Medical Technical Services, Inc. ("MTS"), National Creditors Group Corporation ("NCG"), and Professional Billing Services ("PBS"), with Creditors Service Corporation ("Debtor"). *In re Creditors Service Corporation,* 195 B.R. 680 (Bankr.S.D.Oh.1996). Substantive consolidation was sought by the chapter 7 trustee, Arnold S. White ("Trustee"), and by a major creditor, Consolidated Freightways of Delaware, Inc. ("Consolidated"). The substantively consolidated estate is being administered by the Trustee.

In the Order, the Court discusses in considerable detail the financial connections between Ms. Cooley, the Debtor, and the other entities that justified substantive consolidation. In the Order, the Court set forth certain limitations and requirements that were imposed to minimize disruption to the entities, that were operating during the course of the trial. The Order contemplated the execution of an interim operating arrangement between the Trustee and Ms. Cooley and provided an opportunity for Ms. Cooley to purchase the businesses of the substantively consolidated entity. *In re Creditors Service Corporation,* at 691–92. The limitations and requirements were also imposed in order to require any liquidation to focus initially upon business assets, "... on the theory that the business-related assets, after claims objections, may prove sufficient to satisfy creditors...." *In re Creditors Service Corporation,* at 692.

Subsequent to the entry of the Order, however, the Court learned that operations had ceased, and, according to the limitations and requirements of the Order, the Trustee commenced the liquidation of assets. During the course of the administration of the substantively consolidated estate, the Trustee and Consolidated have been faced with opposition from Ms. Cooley, represented by Grady L. Pettigrew, Jr. ("Mr. Pettigrew") and Arter & Hadden ("A & H"), and from John F. Cannizzaro ("Mr. Cannizzaro"), purportedly on behalf of the substantively consolidated Debtor.[1] The opposition has increased the costs of administration of the substantively consolidated estate and prompted the Court to enter an order requiring the Trustee to report on the status of the administration of the substantively consolidated estate, including but not limited to the level of administrative expenses and the level of any possible return to creditors. On January 24, 1997, the Trustee filed a Report on Status of Administration of Consolidated Estate ("Report").

The Court has reviewed the record and the Report and first notes that claims in the total amount of $1,054,760.88 have been filed. The largest claim is that of Consolidated in the amount of $994,783.32. To date, the only opposition to the Consolidated claim has been that of Ms. Cooley and Mr. Cannizzaro, purportedly on behalf of the substantively consolidated estate. To date, the Trustee has not objected to the Consolidated claim. The Report, that includes data as of December 31, 1996, sets forth funds on hand in the amount of $166,149.46 and real estate remaining valued at $505,000.00, for a total possible recovery of $671,149.46 based on funds on hand and the real property only. In addition to substantial liens on the real estate remaining, the Trustee projects a total of $233,060.40 in administrative expenses to date and projects that only the sum of $75,-000.00 will be available to pay claims. Based upon information contained in the Report and the high level of claims, the Court entered orders that required Ms. Cooley and Mr. Cannizzaro to establish the basis for their continued standing through memoranda to be filed on or before February 12, 1997. Only Ms. Cooley filed a memorandum.

1. Mr. Cannizzaro filed the bankruptcy case on behalf of Creditors Service Corporation prior to substantive consolidation.

Ms. Cooley and Mr. Cannizzaro have not offered any information that persuades this Court that there will ever be enough proceeds in this estate to satisfy all creditors' claims with interest resulting in a balance payable on behalf of the substantively consolidated Debtor. It is a long-standing principle of bankruptcy administration that where all claims of creditors will not be paid and there will be no surplus to the debtor, there is no standing to object to the administration for lack of any pecuniary interest in the liquidation of assets and distributions to creditors. *In re Stanley,* 114 B.R. 777 (Bankr.M.D.Fla.1990); *In re Coleman,* 131 B.R. 59 (Bankr.N.D.Tx.1991); *In re Woods,* 139 B.R. 876 (Bankr.E.D.Tn.1992); *In re Willemain v. Kivitz,* 764 F.2d 1019 (4th Cir. 1985). In such instances, continuing to entertain objections only drives up the administrative expenses and further reduces any possible recovery to creditors. Indeed, in the instant case the administrative costs have been affected both by the cessation of business operations prior to the entry of the Order, and have been increased by the numerous objections filed by Ms. Cooley, represented by Mr. Pettigrew and A & H and by John F. Cannizzaro, purportedly on behalf of the substantively consolidated Debtor.

Accordingly, it is hereby **ORDERED** that Ms. Cooley, personally or through any entities represented by Mr. Pettigrew and A & H, and Mr. Cannizzaro, purportedly on behalf of the substantively consolidated Debtor, have no further standing to object to any actions taken by the Trustee in the administration of the substantively consolidated estate.

**IT IS SO ORDERED.**