**In re I & F CORPORATION, Debtor.**

**Bankruptcy No. 95–15275.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Jan. 9, 1998.

Thomas R. Yocum, Cincinnati, OH, for Debtor.

Eileen K. Field, Cincinnati, OH, for Trustee.

Michael Allen, Asst. Attorney General, Labor Relations Section, Columbus, OH, for Ohio Bureau of Employment Services.

Terry Serena, Cincinnati, OH, for Internal Revenue Service.

Arnold C. Jones, Sue White, Frankfort, KY, for Revenue Cabinet, Commonwealth of Kentucky.

David G. Cox, Columbus, OH, for State of Ohio.

Heather A. Joys, Cleveland, OH, for U.S. Dept. of Labor/OSHA.

Stephanie D. Burress, Columbus, OH, for Bureau of Workers Compensation.

Byron A. Thompson, Frankfort, KY, for Commonwealth of Kentucky.

### ORDER GRANTING VARIOUS MOTIONS TO DISMISS OBJECTIONS TO CLAIMS

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Internal Revenue Service's Motion to Dis-

miss the Debtor's Objection to Claim (Docs. 100, 101), the State of Ohio's[1] Motion to Dismiss the Debtor's Objection to Claim (Doc. 105), the United States' Department of Labor's Motion to Dismiss the Debtor's Objection to Claim (Doc. 106), and the Debtor's Memoranda in Opposition thereto (Docs. 107, 108).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

The issue before the Court is whether the Debtor has standing to file objections to proofs of claim.

Debtor, a corporation, filed its chapter 7 petition on December 15, 1995. The Trustee was appointed on December 19, 1995. Numerous creditors, including the Internal Revenue Service, the Department of Labor, the OEPA and the OBES filed proofs of claim. On February 6, 1997, the Debtor filed objections to these and other claims.[2]

■ A claim, proof of which is filed, is deemed allowed, unless a "party in interest" objects. 11 U.S.C. § 502(a); see also Bankruptcy Rule 3008 (a "party in interest" may move for reconsideration of an order allowing or disallowing a claim). The term "party in interest" is not defined in the Bankruptcy Code. The vast majority of courts have held that a chapter 7 trustee alone may file objections to proofs of claim. See In re Thompson, 965 F.2d 1136 (1st Cir.1992) (chapter 7 debtor lacks appellate standing to challenge settlement of claim related litigation); In re Willemain, 764 F.2d 1019 (4th Cir.1985) (chapter 7 debtor lacks standing to appeal proposed sale); Kapp v. Naturelle, Inc., 611 F.2d 703 (8th Cir.1979) (debtor under Act lacks standing to object to claim); In re Woodmar Realty Co., 241 F.2d 768 (7th Cir. 1957) (corporate debtor under Act lacks standing to object to claim); Gregg Grain Co. v. Walker Grain Co., 285 F. 156 (5th Cir. 1922), reh'g denied (5th Cir.), cert. denied, 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212 (1923) (debtor under Act lacks standing to object to claim); Caserta v. Tobin, 175 B.R. 773 (S.D.Fla.1994) (chapter 7 debtor lacks standing to object to claim); In re Silverman, 37 B.R. 200 (S.D.N.Y.1982) (debtor lacks standing to object to claim); In re Creditors Service Corp., 206 B.R. 174 (Bankr. S.D.Ohio 1997) (Caldwell, J.) (chapter 7 debtor lacks standing to object to trustee's administration of estate); In re Slack, 164 B.R. 19 (Bankr.N.D.N.Y.1994) (chapter 7 debtor lacks standing to sue trustee); In re Woods, 139 B.R. 876 (Bankr.E.D.Tenn.1992) (chapter 7 debtor lacks standing to object to claim); In re Dellastatious, Inc., 121 B.R. 487 (Bankr.E.D.Va.1990) (chapter 7 debtor lacks standing to request allocation of distribution to IRS regarding trust fund tax liability).

■ The rationale behind these decisions is several-fold. First, federal courts are empowered to hear only cases or controversies. In re Dellastatious, Inc., 121 B.R. at 489 (citing Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962)). Thus, a "party in interest" must have a personal stake in the outcome of the controversy. In re Dellastatious, Inc., 121 B.R. at 489 (citing Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Unless the estate is solvent and there will be a distribution to the debtor, the debtor has no pecuniary interest in the reduction of a filed claim. See, e.g., In re Creditors Service Corp., 206 B.R. at 176; In re Woods, 139 B.R. at 877.

1. The State of Ohio filed its Motion on behalf of the Ohio Environmental Protection Agency (OEPA) and the Ohio Bureau of Employment Services (OBES).

2. The Debtor filed objections regarding the following claimants: the Internal Revenue Service (Doc. 39), the Department of Labor (Doc. 38), the OEPA (Doc. 41), the OBES (Doc. 37), the Commonwealth of Kentucky (Doc. 40), the State of Ohio EPA and ODH (Doc. 42), the Kentucky Department of Employment Services (Doc. 43), and the Kentucky Revenue Cabinet (Doc. 54). The Debtor subsequently amended its objections. (See Docs. 61–68). The objection regarding the Kentucky Department of Employment Services has been resolved. See Doc. 84. The objection regarding the Kentucky Review Cabinet has been remanded to the Audit Review Section of the Revenue Cabinet for the Commonwealth of Kentucky. See Doc. 83.

In the present case, the Debtor's schedules indicate assets of $2,100.82 and liabilities of $952,519.03. The Debtor's liabilities may in actuality be much greater since the majority of the scheduled tax debts are listed as "unknown" in amount and the Debtor may have vastly underestimated its IRS debt.[3] The Debtor has not asserted any right to any distribution and does not contest its lack of pecuniary interest in the case. *See Caserta v. Tobin,* 175 B.R. at 774. Rather, the Debtor contends that "an incorrect allocation of the Debtor's assets may result in favor of some creditors." *See* Doc. 107, p. 2. While this may be true, the trustee and the creditors are the proper parties to resolve the issues of asset allocation, if any.

▄▄ Second, it is the statutorily mandated duty of the chapter 7 trustee to "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(5); *see also, e.g., In re Thompson,* 965 F.2d at 1147; *In re Woods,* 139 B.R. at 877. This allows for an orderly administration of the claims objection process. *See* Bankruptcy Rule 3007 advisory committee note ("while the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee"); *see also In re Thompson,* 965 F.2d at 1147 (trustee acts as spokesman for all creditors). "To permit debtors to assume that responsibility would permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate." *In re Woods,* 139 B.R. at 877–78. It also serves to control the costs of estate administration. *See In re Creditors Service Corp.,* 206 B.R. at 176 ("continuing to entertain objections only drives up the administrative expenses and further reduces any possible recovery to creditors").

. In the present case, the trustee, in the normal course of her duties, will have an opportunity to examine all proofs of claim and object to any improper claims if a purpose would be served thereby. This statutorily mandated duty of the trustee will protect the issues raised by the Debtor in its objections. *See* Doc. 107, p. 3. The need for a purposeful and efficient claims objection process is especially true in this case where after filing its many objections to claims, the Debtor has apparently failed to fully cooperate in the discovery process.[4]

The Debtor cites only one case in support of it position. In *In re Sobiech,* 125 B.R. 110 (Bankr.S.D.N.Y.1991), the Bankruptcy Court for the Northern District of New York held that the chapter 7 debtor had standing to object to a proof of claim. However, the trustee in that case had filed an affidavit stating that he supported the ability of the debtor to object to the claim at issue. 125 B.R. at 113. In the present case, the trustee has filed no such supporting affidavit. Furthermore, on the appeal of *In re Sobiech,* the District Court for the Southern District of New York noted that the debtor's objection, if sustained, would directly benefit the debtor since it would make funds available to pay certain non-dischargeable claims. *Mulligan v. Sobiech,* 131 B.R. 917, 919 (S.D.N.Y.1991). In the present case, the Debtor has made no such contention. Also, because the Debtor is a corporation, it will not receive a discharge. *See* 11 U.S.C. § 727(a)(1). In any event, *In re Sobiech* does not appear to be the controlling position even in its own district. *See In re Gribben,* 158 B.R. 920, 922 at n. 3 (S.D.N.Y.1993). .

▄▄ In conclusion, we find that the Debtor lacks standing to file objections to proofs of claim. Accordingly, we hereby DISMISS the Debtor's filed Objections to Proofs of Claim with regard to the following claimants: the Internal Revenue Service, the Department of Labor, the OEPA, the OBES, the Common-

---

3. The Debtor listed its IRS debt in the amount of $185,022.00 but the IRS filed its proof of claim in the amount of $1,185,736.00.

4. On November 26, 1997, the Debtor's attorney filed a motion to withdraw, alleging that "no

person will recognize any capacity relative to Debtor for the purpose of answering or responding to discovery requests, or for any other purpose." *See* Doc. 99, p. 2. .

wealth of Kentucky, and the State of Ohio EPA and ODH.[5] (Docs. 39, 38, 41, 37, 40, and 42).

This holding in no way prejudices the trustee with respect to her duty to file objections to claims regarding these or other claimants, should she find such action appropriate.

IT IS SO ORDERED.

---

**5.** The Internal Revenue Service contends that its motion to dismiss applies to all objections to claims filed by the Debtor. *See* Doc. 101, p. 3, n. 1. We agree.