In re MANSHUL CONSTRUCTION
CORP., et al., Debtors.

Bankruptcy Nos. 96 B 44080(JHG),
96 B 44079(JHG).

United States Bankruptcy Court,
S.D. New York.

Aug. 5, 1998.

Anderson Kill & Olick, P.C. by Martin F. Brecker, New York City, for Defendants.

Salomon Green & Ostrow, P.C. by Chester B. Salomon, Alec P. Ostrow, Walter Benzija, New York City, for Plaintiff.

### DECISION ON MOTION OBJECTING TO CLAIMS

JEFFREY H. GALLET, Bankruptcy Judge.

Allan Schulman and Nancy Schulman ("the Schulmans") move [1] pursuant to 11 U.S.C.

---

1. I have jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(A).

§ 502(a) and Rule 3007 of the Federal Rules of Bankruptcy Procedure for an Order expunging certain claims against Manshul Construction Corp. and Manshul Construction Company (Bronx), Inc. (together "the Debtors"). Yann Geron, the Chapter 7 Trustee ("the Trustee") opposes the motion asserting that the Schulmans have no standing to object to the claims of the Debtors' creditors because they are not parties in interest under § 502(a) of the Bankruptcy Code ("the Code").

### FACTS

The Schulmans own 100% of the Debtors' stock. On July 31, 1996, while the Schulmans were managing Manshul, the Debtors filed voluntary petitions for relief under Chapter 11 of the Code. When the Debtors filed their petitions, their schedules showed no equity in the estate and neither of the Schulmans was listed as a creditor. There are more than 200 outstanding claims against the Debtors.

On December 5, 1996, I converted these cases to Chapter 7 and the Trustee was appointed. The Trustee then elected to pursue various claims against the Schulmans on behalf of the estate.

Presently, the Schulmans are defendants in an Adversary Proceeding, commenced by the Trustee, to recover certain alleged fraudulent conveyances. By this motion, the Schulmans seek to establish that certain creditors do not hold allowable general unsecured claims that qualify to invest the Trustee with causes of action for fraudulent conveyances under § 544(b) of the Code.

### STANDING

"Standing is limited to parties in interest." *In re Hutter*, 215 B.R. 308, 312 (Bankr. D.Conn.1997) (*citing Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 388 (2d Cir.1997)). Under § 502(a) of the Code, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." The term "party in interest" is not defined in either the Code or

the Federal Rules of Bankruptcy Procedure, but "the phrase has generally been interpreted in a Chapter 7 case to refer to creditors of the debtor who have claims against the estate and whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Slack*, 164 B.R. 19, 22 (Bankr. N.D.N.Y.1994).

### *As Debtors*

■ The Schulmans make what is essentially an "alter ego" argument. They assert that because Allan Schulman owns 100% of the Debtors' capital stock, they are, for purposes of this motion, the Debtors. I find this argument unpersuasive.

Merely owning all of the Debtors' stock does not make the Schulmans the Debtors' alter ego. The Debtors are distinct corporate entities. A bare assertion that they are the Debtors cannot carry the day for the Schulmans. Furthermore, the Debtors did not file this motion. The moving papers specifically state that Allan and Nancy Schulman bring this motion to object to certain claims.

■ However, even if I were to find that the Schulmans are the Debtors, they still lack standing to object to claims in the main bankruptcy case. It is the Trustee, not the Debtors, who is charged with the duty of administering this case. That duty includes objecting to claims.

There is a split of authority concerning whether Chapter 7 debtors are parties in interest with standing to object to creditors' claims. In a Chapter 11 case, the Code specifically includes the debtor as a party in interest. See 11 U.S.C. §§ 1109(b) & 1121(c). Significantly, Chapter 7 does not mirror that language.

The majority holds that "[a] debtor lacks standing to object to a claim against the estate because he has no interest in the distribution to creditors of assets of the estate." *In re Kressner*, 159 B.R. 428, 432 (Bankr.S.D.N.Y.1993) (citations omitted). *See Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir.1985) (recognizing that "the leading and authoritative bankruptcy treatise as well as numerous tribunals have held that an

insolvent debtor is not a party in interest and thus lacks standing because he has no pecuniary interest in the distribution of his assets among his creditors"); *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr.S.D.Ohio 1998); *In re Martin*, 201 B.R. 338, 343 (Bankr.N.D.N.Y. 1996) (*citing In re Thompson*, 965 F.2d 1136, 1143 n. 12 (1st Cir.1992)) (the general rule is that "a Chapter 7 debtor is not considered a 'person aggrieved' because the debtor lacks a pecuniary interest in the property of the estate"); *Caserta v. Tobin*, 175 B.R. 773, 774 (S.D.Fla.1994); *In re Woods*, 139 B.R. 876, 877 (Bankr.E.D.Tenn.1992); *In re Olsen*, 123 B.R. 312, 313 (Bankr.N.D.Ill.1991); *In re Stanley*, 114 B.R. 777, 778 (Bankr.M.D.Fla. 1990): *In re Umbles Drew–Hale Pharmacy, Inc.*, 80 B.R. 421, 423 (Bankr.N.D.Ohio 1987).

A debtor's standing is limited because an assignment of its causes of action to the Trustee promotes orderly collection of assets. *See In re Gribben*, 158 B.R. 920, 922 (S.D.N.Y.1993). To allow debtors to assume the role of examining and objecting to claims "would permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate." *In re Woods*, 139 B.R. at 877. *See In re Sun Ok Kim*, 89 B.R. 116, 118 (D.Hawai'i 1987) ("The debtor's role is limited to advising the trustee of the validity or invalidity of the claim. The trustee then decides whether to object.").

The general rule that a Chapter 7 debtor lacks standing to object to claims is not without exceptions. Some courts have held that a Chapter 7 debtor has standing to object to a claim if disallowance of the claim would produce a surplus for the debtor or where there is no trustee who could properly object to the claim. *In re Marcus*, 45 B.R. 338, 343–44 (S.D.N.Y.1984) (*citing In re Silverman*, 10 B.R. 734, 735 (Bankr.S.D.N.Y. 1981), *aff'd*, 37 B.R. 200 (S.D.N.Y.1982)). However, a "surplus is highly unlikely in a liquidation proceeding, and ... standing based on a potential surplus is unlikely to succeed." *In re Martin*, 201 B.R. 338, 344 (Bankr.N.D.N.Y.1996) (*citing In re Slack*, 164 B.R. 19, 22 (Bankr.N.D.N.Y.1994)) (other citations omitted).

The general rule does not stand without dissent. *See Mulligan v. Sobiech*, 131 B.R. 917, 920 (S.D.N.Y.1991) (*citing In re Silverman*, 10 B.R. 734.) ("While it was once true that a debtor could object to a creditor's claim only in cases where there is no trustee or where a disallowance of the claim would produce a surplus for the debtor ... this is no longer the law.") However, *Mulligan* can be distinguished from this case because the trustee in *Mulligan* supported the debtor's objection while here the Trustee opposes the objection. *See In re Sobiech*, 125 B.R. 110, 113 (Bankr.S.D.N.Y.1991), *aff'd*, 131 B.R. 917 (S.D.N.Y.1991). In *Mulligan* the objection did not interfere with the ability of the trustee to administer the estate. *Id.* at 113. Furthermore, the *Mulligan* Court found that if the debtor's objection to the claim were sustained, it would directly benefit the debtor by making funds available to pay non-dischargeable claims. There is no such parallel here.

### As Equity Holders

■ There was no equity in the Debtors when, while under the Schulmans' control, they filed their bankruptcy petitions. The Schulmans do not claim that there will be a surplus here, which might make them a party in interest with standing to object to claims.

### As Creditors

■ The Schulmans are not creditors. They did not file a proof of claim nor did they schedule themselves as creditors in the Debtors' bankruptcy cases. However, even if they were creditors, there is no clear consensus on whether a creditor has standing to object to claims of other creditors in a Chapter 7 case. As a majority rule, "courts ... have limited the right of a general creditor to object to a claim of another creditor ... in order to promote a more orderly administration of the estate." *In re The Charter Co.*, 68 B.R. 225, 227 (Bkrtcy.M.D.Fla.1986). *See I & F Corp.*, 219 B.R. 483, 484 (Bankr.S.D.Ohio 1998) ("The vast majority of courts have held that a chapter 7 trustee alone may file objections to proofs of claim."). This limitation was recognized in the Advisory Committee Notes to Rule 3007 of the Federal Rules of Bankruptcy Procedure, which provides that

"[w]hile the debtor's ... creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." Furthermore,

> [i]f every creditor were entitled to challenge the claim of another creditor ... an orderly administration could degrade to chaos. A creditor may always request the trustee to object to a particular claim. If a trustee refuses to do so without justifying the failure to act, the creditor may pursue the objection.

*In the Matter of Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588, 592 (Bankr.M.D.Fla.1992) (*quoting* an Editor's Comment to Rule 3007 of the Federal Rules of Bankruptcy Procedure); *See* 3 *Collier on Bankruptcy* ¶ 502.01, at 502–13, 502–14 (15th ed.1992). "Therefore, an individual creditor is not generally afforded standing to object to another creditor's claim unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead." *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992) (citations omitted); *Charter Co.*, 68 B.R. at 227.

### As Adversary Litigants

■ The Schulmans are not the Debtors or creditors and, on these grounds, lack standing to object to certain creditors' claims in the main bankruptcy case. In essence, the Schulmans' only ground for standing is as defendants in the Adversary Proceeding. Indeed, in their own motion papers, the Schulmans assert that the purpose of their objection to certain claims is to establish that the creditors named in the Adversary Proceeding do not hold allowable general unsecured claims that would invest the Trustee with causes of action in the Adversary Proceeding. That question will be resolved in the Adversary Proceeding, not as a motion in the main bankruptcy case. *See In re FBN Food Servs., Inc.*, 1995 WL 230958 *4 (N.D.Ill. April 17, 1995) (defendant in adversary proceeding not a party in interest with standing to participate in the allowance or disallowance of claims process), *appeal dismissed*, 82 F.3d 1387 (1996); *In re Delta Underground Storage Co., Inc.*, 165 B.R. 596 (Bankr.S.D.Miss.1994) (defendant in adversary proceeding lacked standing to object to settlement in main case).

The Schulmans have no interest in this estate beyond their interest as defendants in an adversary proceeding. To permit them to sustain this motion would lead to the illogical result of catapulting them to standing above the Debtors and their estates' creditors.

### DECISION

The Schulmans' motion for an Order expunging certain claims is denied for lack of standing. The parties are directed to settle an order consistent with this decision.