**In re CNS, INC., b/d/a Potters Medical Center, Debtor.**

**United States of America, Appellant,**

**v.**

**Richard G. Zellers, Trustee for Gene Samuelson and Samuelson, and Anne Piero Silagy, Trustee for CNS, Inc., Appellees.**

No. 4:99CV1589.
Bankruptcy No. 92–41296.

United States District Court,
N.D. Ohio.

Sept. 18, 2000.

## MEMORANDUM ORDER AND OPINION

ECONOMUS, District Judge.

■ This matter is an Appeal from a collateral order, or in the alternative, an interlocutory order [1] of the United States Bankruptcy Court for the Northern District of Ohio entered on May 18, 1999. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's findings of fact using the clearly erroneous standard and its conclusions of law *de novo*. *Industrial Equipment Co. v. Emerson Electric Co.*, 554 F.2d 276 (6th Cir.1977).

### The Underlying Bankruptcy Proceeding

CNS, Inc., d/b/a Potter's Medical Center ("the Debtor"), is a corporate entity, the common stock of which was wholly owned by Drs. Gene and Marta Samuelson, debtors in consolidated Case Number 90–40722 ("the Samuelson proceeding"), for whom Richard G. Zellers is the Trustee. The Appellant filed a request for the payment of administrative expenses incurred by the Debtor, in the amount of $799,897.86 under

---

1. "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, *with leave of the court*, from interlocutory orders and decrees, of bankruptcy judges under section 157 of this title ..." 28 U.S.C. § 158(a) (1990) (emphasis added).

11 U.S.C. § 503[2] based upon the operation of Potter's Medical Center by an entity under a purchase agreement between that entity, the Debtor and Zellers. The purchase agreement was canceled by order of the Bankruptcy Court upon the purchasing entity's repeated failure to carry out the terms of the purchase agreement or to account to the Court for funds received by it during the operation of Potters Medical Center.

The claim involved payroll taxes of the Debtor for the years 1992, 1993, and 1994 which were assessed by the Internal Revenue Service ("IRS"). More particularly, the claim is for Federal Insurance Contributions Act ("FICA") and income taxes withheld from wages and salaries paid by the Debtor, as well as the employer's portion of the FICA, from the last quarter of 1992, all four quarters of 1993, and the first quarter of 1994, plus Federal Unemployment Tax Act ("FUTA") taxes for the years 1993 and 1994.

On January 28, 1998, Zellers filed a motion for an Order permitting him to file his "Objection To Claim of the United States of America" (Dkt.# 216–1). In support of his motion, Zellers stated that the Debtor is not liable to the Appellant "due to the fact that said tax obligations are those of Potters Medical Center Partnership, Ltd., and its general partners, not [the Debtor], pursuant to the Orders of this Court." A one-page Order was filed, bearing a file stamp with the same date and time as the motion, granting Zellers' motion to file his objection (Dkt.# 217–1). On the same date, Zellers' Objection was filed (Dkt.# 218–1).

In response to Zellers' objection, the Appellant filed "[Appellant]'s Motion to Dismiss Zellers' Objection to IRS Claim and Memorandum in Support Thereof." In its motion, the Appellant argued that Zellers lacked standing to object to the claim of the Appellant and that, in any event, there was no bankruptcy purpose since the estate was insolvent.

The Bankruptcy Court held a hearing regarding Zellers' objection and Appellant contends that Zellers' only sought to determine whether he was personally liable for an assessment made pursuant to 26 U.S.C. § 6672[3] in regard to the wages of the employees of the debtor. On May 18, 1999, the Bankruptcy Court issued the Order upon which this appeal is based.

The Bankruptcy Court ruled, in pertinent part, as follows:

> [Zellers] has been personally assessed for the taxes claimed to be due from [the] purchasing entity's operation of Potters Medical Center. [Zellers] has objected to the proof of claim filed by the Internal Revenue Service. The Trustee for the Debtor in this case and the Internal Revenue Service contest the standing of [Zellers] to object to the proof of claim. *The assessment of [Zellers] by the Internal Revenue Service is completely intertwined with this proceeding and it does not appear to this Court that the assessment against [Zellers] can be fully resolved in any other forum but here.* The objections are

---

**2.** Section 503(a) of the Bankruptcy Code (11 U.S.C.) authorizes an governmental unit to file a "request for payment" of an administrative expense. *See* 11 U.S.C. § 503(a). Section 503(b) of the Bankruptcy Code provides that a request for payment will be allowed only "[a]fter notice and a hearing." *See* 11 U.S.C. §§ 503(b) and 102(1). An administrative expense includes any tax incurred by the bankruptcy estate, plus any interest and penalties relating to the tax. *See In re Flo–Lizer, Inc.*, 916 F.2d 363, 365 (6th Cir.1990).

**3.** 26 U.S.C. § 6672 states, in pertinent part:
Any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay such tax, or wilfully attempts in any manner to evade or defeat any such tax, or the payment thereof, shall, in addition to other penalties provided by law, be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
26 U.S.C. § 6672(a) (1998).

overruled. The Clerk shall set a status conference at the earliest date to determine what further proceedings should be undertaken. The parties should be prepared to address, *inter alia,* whether the Court should enter an order of recusal if it appears that the undersigned is or may be called as a witness in the proceeding.

Bankr.No. 92–41296, (Dkt.# 281–1), Order, pp. 1–2 ("the May 18th Order") (Emphasis added).

*Zellers' Personal Liability under § 6672*

Appellant states that the Bankruptcy Court lacks subject matter jurisdiction over Zellers' *personal* liability under § 6672. In his Response Brief, Zellers states, "The objection to the claim filed by the United States, which the Bankruptcy Court determined could, or more appropriately was required to be heard by it, did not, could not, and never contemplated the adjudication of any issue other than the obligation of CNS, Inc., the Chapter 7 debtor against whom the United States had filed its claim." Response Brief (Dkt.# 19) at p. 5.

Zellers acknowledges that "[t]he Bankruptcy Court cannot adjudicate in the context of the CNS, Inc. Chapter 7 case the personal liability of Zellers. The issue was never intended to be litigated as part of the objection, nor could it have been litigated therein." Response Brief at p. 5. Zellers then dismissed the references to Zellers' § 6672 tax liability in the May 18th Order as "dicta," because "that liability was not before the Court in any man-

ner, shape, or form." Response Brief at p. 6.

On the contrary, it is the opinion of this Court that the May 18th Order clearly indicates that the Bankruptcy Court intended to rule on the validity of the IRS assessment against Zellers because it was completely intertwined with [the Chapter 7 bankruptcy of CNS, Inc.] and because "it [did] not appear that the assessment against Trustee Zellers [could] be *fully resolved*[4] in any other forum." (Emphasis added) However, as the Appellant avers and the Appellee concedes, the Bankruptcy Court does not have subject matter jurisdiction over Zellers' personal tax liability.

The subject matter jurisdiction of bankruptcy courts over tax proceedings is derived from the jurisdiction of the federal district courts under 28 U.S.C. § 1334, headed "Bankruptcy cases and proceedings." Section 1334(a) provides that the district courts shall have original and exclusive jurisdiction of all *cases* under Title 11 of the United States Code. Section 1334(b) provides that the district courts shall have original but not exclusive jurisdiction of all civil *proceedings* "arising under" Title 11, or "arising in" or "related to" cases under Title 11. 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 shall be referred to the bankruptcy judges for the district."

■ The Sixth Circuit has held that a bankruptcy court's jurisdiction over a proceeding involving a non-debtor, Zellers, in

---

4. In an Order dated July 9, 1998, in response to the United States' Motion to Dismiss Zellers' Objections, the Court stated,

> Zellers' objection to the [IRS] claim is a limited one and ultimately appears to address the issue of whether he, as trustee, would have personal liability for the obligations incurred by Potters Medical Center Partners, Ltd. during the time that entity was operating Potters Medical Center. The objection is a means for protecting his interest in respect of the [IRS] claim in this

> case. So long as the [IRS] takes the position that Zellers, as trustee in the Samuelson case, may have personal liability, he has standing to be heard. If Zellers, as trustee in the Samuelson case, is absolved of liability for the tax obligations incurred by Potters Medical Center Partnership. Ltd., his standing to be heard would no longer exist. Thus, until that issue is resolved, the Court concludes Zellers has standing to be heard.

> Bankr.Case No. 92–41296 (Dkt.# 255–1).

this case, is determined solely by reference to 28 U.S.C. § 1334(b). *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991). The test of whether there is jurisdiction under Section 1334(b), and consequently whether there is jurisdiction to determine Zellers' personal tax liability, is whether a matter is "at least 'related to' the bankruptcy." A matter is "related to" a case under Title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 1142 (*Quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984)).

■ The mere fact that there may be some common issues of fact between the tax liability of Zellers and the estate of CNS, Inc., does not bring the matter within the scope of Section 1334. *In re Dow Corning Corp.,* 86 F.3d 482, 489 (6th Cir. 1996). In *Quattrone Accountants, Inc. v. IRS,* 895 F.2d 921 (3rd Cir.1990), a case analogous to the case *sub judice,* the Third Circuit found that an assessment under 26 U.S.C. § 6672 was not "related to" a corporate bankruptcy case. *Id.* at 926. In this case, as in *Quattrone,* whether or not Zellers' is personally liable for an assessment under 26 U.S.C. § 6672 could not have *any* effect on the estate. Accordingly, it is the opinion of this Court that the Bankruptcy Court lacks jurisdiction over Zellers' personal liability under § 6672.

■ *Assuming arguendo* that the Bankruptcy Court has jurisdiction to determine Zellers' personal liability under § 6672 pursuant to 1334(b), 28 U.S.C. § 1334 does not constitute a waiver of the United States' sovereign immunity.

■ The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Any waiver of the federal Government's immunity to suit must be explicit and must be strictly construed. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957).

In response to the argument that Alaska's Eleventh Amendment immunity from suit was abrogated by 28 U.S.C. § 1262, a jurisdictional grant which gives district court jurisdiction over "all civil actions, brought by any Indian tribe ... aris[ing] under the Constitution, laws, or treaties of the United States", the Supreme Court ruled: "The fact that Congress grants *jurisdiction* to hear a claim does not suffice to show Congress has abrogated all *defenses* to that claim. The issues are wholly distinct." *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991).

Section 106 of the Bankruptcy Code addresses the waiver of the sovereign immunity in bankruptcy cases by "governmental units," including, federal, state and local governments. *See* 11 U.S.C. § 101(26). That section abrogates the United States' sovereign immunity to the extent set forth in certain other sections of the Bankruptcy Code, including Sections 105, 503, and 505. 11 U.S.C. § 106(a). Section 106 does not create any substantive claim for relief not otherwise existing under the Bankruptcy Code. 11 U.S.C. § 106(a)(5).

In this case, the United States, as a sovereign, did not consent under 11 U.S.C. § 106 to be sued by Zellers, in conjunction with § 503 or § 505, and the Bankruptcy Court therefore lacked jurisdiction over Zellers' Objection to the extent that he is seeking a determination binding on the United States as to his personal tax liability.

■ Finally, Zellers' Objection is an attempt by Zellers to stop the collection activities of the Internal Revenue Service against him personally and it is barred by the Anti–Injunction Act, 26 U.S.C. § 7421. § 7421 of the Internal Revenue Code provides, in part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."

Consequently, the Bankruptcy Court below erred in ruling that it had jurisdiction to "fully resolve" Zellers' personal tax liability under § 6672.

### Zellers' Objection to the Claim against the Debtor

■ With respect to Zellers' objection to the claim against the Debtor, the Appellant contends that the United States, as a sovereign, did not consent to be sued under § 106 by anyone other than the Debtor or the Trustee in bankruptcy, and, therefore, the government is immune from suit by Zellers to challenge the tax assessed against the debtor.

Zellers, on the other hand, contends that he is a "party in interest" as the term is used in § 502 of the Bankruptcy Code. Section 502 reads, in pertinent part, "(a) a claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner that is a debtor in a case under Chapter 7 of this title objects." Consequently, Zellers concludes that he has standing to file objections to the government's claim against the debtor.

Despite the fact that the term "party in interest" appears in well over 30 Bankruptcy Rules and over 40 sections of the Bankruptcy Code, neither the Code nor the Rules define the term. Determining whether a given party is a "party in interest" is a recurring problem in the bankruptcy arena.

The Third Circuit states, "[C]ourts must determine on a case by case basis whether the prospective party in interest has a sufficient stake in the proceeding so as to require representation." *In re Amatex,* 755 F.2d 1034, 1042 (3rd Cir.1985); *See also In re Kaiser Steel Corp.,* 998 F.2d 783, 788 (10th Cir.1993) (*Quoting Amatex, supra.*). The Seventh Circuit has held that a "party in interest" is anyone who has a legally protected interest that could be affected by a bankruptcy proceeding and is entitled to assert that interest with respect to any issue to which it pertains,

"thus making explicit what is implicit in an *in rem* proceeding—that everyone with a claim to the *res* has a right to be heard before the *res* is disposed of since that disposition will extinguish all such claims." *Matter of James Wilson Assoc.,* 965 F.2d 160, 169 (7th Cir.1992).

With these definitions in mind, it is the opinion of this Court that Zellers is not a "party in interest" with respect to the Appellant's tax claim. Zellers is the sole shareholder of the Debtor. As a mere shareholder, Zellers has no personal stake in the outcome of such a proceeding, because there will never be a distribution to the shareholders of the Debtor *whether or not* the administrative claim is allowed. Therefore, Zellers simply does not have a claim against the estate which will be "extinguished" by the disposition of the estate.

Clearly, the Chapter 7 Trustee has standing to seek an adjudication of tax liability of the estate under 11 U.S.C. §§ 503 or 505. *In re Thompson,* 965 F.2d 1136, 1147 (1st Cir.1992); *In re I & F. Corp.,* 219 B.R. 483, 484–85 (Bankr. S.D.Ohio 1998). However, the Chapter 7 Trustee has not determined whether there is any purpose for such a proceeding.

Under these circumstance, the Bankruptcy Court below erred in ruling that Zellers had standing to object to the request for payment filed by the United States against the estate under 11 U.S.C. § 503.

### Conclusion

For the reasons stated above, the Bankruptcy Court below erred as a matter of law by ruling that it had jurisdiction to determine the personal tax liability of Zellers and that Zellers had standing to seek a determination of the liability of the estate of the Debtor. Accordingly, the May 18, 1999 Order is **VACATED.**

**IT IS SO ORDERED.**